ACCEPTED
06-14-00036-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
2/12/2015 6:02:10 PM
DEBBIE AUTREY
CLERK

APPELLATE CASE NO. 06-14-00036-CV
TRIAL COURT CASE NUMBER 10,072

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
2/13/2015 8:57:00 AM
DEBBIE AUTREY
Clerk

IN THE COURT OF APPEALS FOR THE SIXTH JUDICIAL DISTRICT
OF TEXAS AT TEXARKANA, TEXAS

FRANK KEATHLEY, INDIVIDUALLY, AND DOING BUSINESS AS TOP
SHELF ANTIQUES, APPELLANT

VS.

J.J. INVESTMENTS COMPANY, L.L.P., ELLEN JAGGERS, DISTRICT CLERK OF
FRANKLIN COUNTY, TEXAS, FRANKLIN COUNTY CONSTABLE RANDY
GREEN APPELLEES

AND

CORBITT BAKER, APPELLEE AND PARTY AT INTEREST

Appeal from Cause No. 10,072 in the District Court of Franklin County, Texas,
62nd Judicial District
The Honorable Will Baird, District Judge

APPELLANT'S BRIEF

ORAL ARGUMENT WAIVED, SUBJECT TO COURT APPROVAL

Larry R. Wright
State Bar No. 22048000
P.O. Box 144
406 South Main Street
Winnsboro, Texas 75494
Telephone 903-342-1089
Fax 903-342-1088
E-mail lawyerwright@msn.com
Attorney for Appellant

TABLE OF CONTENTS

DESCRIPTION                                                    PAGE

IDENTITY OF THE PARTIES AND COUNSEL                            iv

INDEX OF AUTHORITIES                                           vi

STATEMENT OF THE CASE                                          1

STATEMENT OF THE JURISDICTION                                 3

STATEMENT REGARDING ORAL ARGUMENT                             3

POINTS OF ERROR ON ISSUES PRESENTED                           3

POINT OF ERROR NO. ONE:                                       3

The trial court erred in ordering the Clerk to disburse $30,000 from registry funds to Travis Clardy based on the writ of execution levied under Corbitt Baker's judgment against Frank Keathley because a writ of execution is not a proper legal remedy for enforcement of a judgment against a judgment debtor's funds in the possession of a third party and because the funds were in legal custody of the Court.

POINT OF ERROR NO. TWO:                                       3

The trial court erred in ordering the Clerk to disburse $30,000 from registry funds to Travis Clardy based on the writ of execution levied under Corbitt Baker's judgment against Frank Keathley because the levy on the Clerk's funds failed to comply with the requirements of Rule 637 of Tex. R. Civ. P. and Tex. Prop. Code Sec. 42.003.

POINT OF ERROR NO. THREE:                                     4

The trial court erred in ordering the Clerk to disburse $30,000 from registry funds to Travis Clardy based on Corbitt Baker's instruction to the Constable to levy the writ of execution against all of the $41,763.50 because Frank Keathley did not own all the funds and the levy was wrongful as to the other parties who did own an interest in the funds.

Appellant's Brief  ii

DESCRIPTION                                                    PAGE

POINT OF ERROR NO. FOUR:                                       4

The trial court erred in ordering the Clerk to disburse $30,000 from the registry funds to Travis Clardy based on levy of the writ of execution issued under the Corbitt Baker judgment against Frank Keathley because the judgment debtor's ownership interest in the registry funds was exempt from execution under Property Code Sec. 42.001 and Sec. 42.002.

POINT OF ERROR NO. FIVE:                                       4

The trial court erred in ordering the Clerk to disburse $30,000 from the registry funds to Travis Clardy based on levy of the writ of execution issued under Corbitt Baker's judgment against Frank Keathley as entered March 8, 2011, because the judgment was not a final judgment as required by Rule 622, Tex. R. Civ. P. and because the writ was voided when the judgment was revoked by the judgment entered April 12, 2011, reinstated by the Order entered April 18, 2011, appealed and reformed and affirmed by the Twelfth Court of Appeals Opinion delivered April 3, 2013 and Judgment dated April 24, 2011.

STATEMENT OF FACTS                                            4

SUMMARY OF THE ARGUMENT                                       8

SUMMARY OF THE ARGUMENT AND SUPPORT OF POINTS
OF ERROR NO. ONE                                             8

SUMMARY OF THE ARGUMENT AND SUPPORT OF POINTS
OF ERROR NO. TWO                                             9

SUMMARY OF THE ARGUMENT AND SUPPORT OF POINTS
OF ERROR NO. THREE                                           10

SUMMARY OF THE ARGUMENT AND SUPPORT OF POINTS
OF ERROR NO. FOUR                                            11

SUMMARY OF THE ARGUMENT AND SUPPORT OF POINTS
OF ERROR NO. ONE                                             12

ARGUMENT AND BRIEF IN SUPPORT OF POINTS OF ERROR             13

ARGUMENT AND BRIEF IN SUPPORT OF POINT OF ERROR NO. ONE      13

ARGUMENT AND BRIEF IN SUPPORT OF POINT OF ERROR NO. TWO 21

ARGUMENT AND BRIEF IN SUPPORT OF POINT OF ERROR NO. THREE 23

ARGUMENT AND BRIEF IN SUPPORT OF POINT OF ERROR NO. FOUR 24

ARGUMENT AND BRIEF IN SUPPORT OF POINT OF ERROR NO. FIVE 27

PRAYER 30

CERTIFICATE OF WORD COUNT 32

CERTIFICATE OF SERVICE 32

APPENDIX

IDENTITY OF THE PARTIES AND COUNSEL

APPELLANT:

FRANK KEATHLEY, INDIVIDUALLY AND DOING BUSINESS
AS TOP SHELF ANTIQUES

COUNSEL FOR APPELLANT:

LARRY R. WRIGHT
STATE BAR NO. 22048000
P.O. BOX 144
406 SOUTH MAIN STREET
WINNSBORO, TEXAS 75494
TELEPHONE 903-342-1089
FAX 903-342-1088
E-MAIL lawyerwright@msn.com

APPELLEE:

J.J. INVESTMENTS COMPANY, L.T.D.

COUNSEL FOR J.J. INVESTMENTS COMPANY, L.T.D.

LARRY BLOUNT
POWERS & BLOUNT, L.L.P.
STATE BAR NO. 02506450
200 JACKSON ST.
P.O. BOX 877
SULPHUR SPRINGS, TX 75483
TELEPHONE 903-885-6506
FAX 903-885-1199
E-MAIL lblount@ymail.com

APPELLEES:

ELLEN JAGGERS, DISTRICT CLERK, FRANKLIN COUNTY, TEXAS
FRANKLIN COUNTY CONSTABLE RANDY GREEN

COUNSEL FOR FRANKLIN COUNTY APPELLEES

GENE STUMP
STATE BAR NO. 24048824
P.O. BOX 606
MOUNT VERNON, TX 75457
TELEPHONE 903-305-9079
FAX 903-388-2272
E-MAIL genestump@yahoo.com

APPELLEE (PARTY AT INTEREST):

CORBITT BAKER

COUNSEL FOR APPELLEE (PARTY AT INTEREST)

TRAVIS P. CLARDY
STATE BAR NO. 04268020
CLARDY LAW OFFICES
P.O. BOX 635426
NACOGDOCHES, TX 75961
TELEPHONE 936-564-2500
FAX 936-564-2507
E-MAIL travis@clardy-law.com

INDEX OF AUTHORITIES

CASES:                                                                  PAGE

TEXAS SUPREME COURT:

*Bank One, Texas, N.A. vs. Sunbelt Savings, F.S.B.,* 824 S.W.2d 557
(Tex. 1992)                                                             15,20
                                                                        21,24

First Southern Properties, Inc. v. Vallone, 533 S.W.2d 339, 342 (Tex. 1976)   17

*Flanary v. Wade,* 102 Tex. 63, 113 S.W. 3 (1908)                       29

*Hood v. Amarillo National Bank,* 815 /s,/w,2d 545m 548 (Tex. 1991)     28

*In Re: Burlington Coat Factory Warehouse of McAllen, Inc.,* 167 S.W.3d 827,
831 (Tex. 2006)                                                         28

*Sellers v. Harris County,* 483 S.W.2d 242 (Tex.Sup. 1972)             19

*Underwoof v. Brown,* 29 Tex. 163, 168,(1902)                          29


TEXAS COURT OF APPEALS:

*Collum v. DeLaughter,* 535 S.W.2d 390, 393 (Tex.App.--Texarkana, 1976,
writ ref'd n.r.e.)                                                      22

*Daniels v. Pecan Valley Ranch, Inc.,* 831 S.W.2d 372, 382 (Tex.App.--
San Antonio, 1992, writ denied)                                        17,18

*Hardy v. Construction Systems, Inc.,* 556 S.W.2d 843 (Tex.Civ.App,--
Houston (14 Dist.) 1977, writ ref'd n.r.e.)                            19

*Houston Drywall, Inc. v. Const. Systems, Inc.,* 541 S.W.2d 220 (Tex.Civ.App.--
Houston(1st Dist.) 1976, no writ)                                       18

*In Re: Edward B. Elmer, M.D.P.A.,*158 S.W.3d 603, 605 (Tex.App.--San Antonio
2005, orig. mandamus proceeding)                                        28

*Overton Bank & Trust, N.A. v. PaineWebber, Inc.,*922 S.W.2d 311 (Tex.Civ.App.--
Fort Worth, 1996, no writ)                                              20

*Pantaze v. Slocum,* 518 S.W.2d 407, 411 (Tex.Civ.App.--Fort Worth, 1974, writ ref'd n.r.e.)                22

Appellant's Brief  vi

CASES:                                                                    PAGE

*Pace v. McEwen,* 617 S.W.2d 816, 819 (Tex.Civ.App.--Houston (14th Dist.) 1981, no writ)                20

*Reyes v. Barrasa,*___ S.W.2d ___, No. 04-12-00673, Tex.App.-- San Antonio, September 11, 2013, ___                22

*Southwestern Bell Telephone Company vs. Watson,* 413 S.W.2d 845 (Tex.Civ.App.--Corpus Christi 1967, no writ)                18


TEXAS CIVIL PRACTICE & REMEDIES CODE

Section 63.001                                                             15

TEXAS RULES OF CIVIL PROCEDURE:

Rule 329b                                                                  18

Rule 621a                                                                  28

Rule 622                                                                   12,28

Rule 627                                                                   28,30

Rule 628                                                                   28

Rule 630                                                                   14

Rule 637                                                                   9,14,15
                                                                          20,21
                                                                          22,24

Rule 657                                                                   15


TEXAS PROPERTY CODE

Section 42.001                                                             11,24
                                                                          25,26

Appellant's Brief  vii

Section 42.002                                                11,24
                                                              25

Section 42.0021                                               26

Section 42.003                                                7,9,10
                                                              21,25


OTHER

*Black's Law Dictionary*                                      17

STATEMENT OF THE CASE

This case originated in the District Court of Franklin County, 62nd District, as a dispute over a commission sales agreement between J.J. Investment Company, LLC and its members (CR 5;CR29) with Frank Keathley ("Keathley"), (CR9;CR19)) and involved, among other things, determination of ownership of $41,763.50 of sales proceeds paid into the registry of the Clerk of the Court (CR17). The case was settled by an order of dismissal (CR34) and an order to distribute funds (CR36) under which Keathley was to receive $40,000. This appeal results from post settlement actions by Baker against Keathley and the $40,000.

On the date of the order to distribute funds (March 25, 2011), Corbitt Baker ("Baker") levied a writ of execution issued under Rule 628 TRCP on an interlocutory judgment dated March 8, 2011 in favor of Baker against Keathley entered by County Court at Law, No. 3 in Smith County, Texas (CR37). The writ was levied Constable, Randy Green on Ellen Jaggers, District Clerk (CR39) seeking to recover the $41,763.50 in the District Court registry (CR40). On April 12, 2011, the Smith County Court at Law reversed its March 25, 2011 judgment and entered a new judgment in favor of Keathley and against Baker (CR 58). Then again, on April 18, 2011, the Smith County Court at Law reversed itself and entered an order reversing its April 18, 2011 judgment and reinstating its March 25, 2011 judgment for Baker and against Keathley. The Smith County case was appealed to the Twelfth District Court of Appeals in Tyler where the Order reinstating the original March 25, 2011 judgment was affirmed (See Appendix for Opinion).

Appellant's Brief 1

After the levy, Keathley filed an application for injunctive relief and declaratory judgment (CR42;CR54) and was granted a temporary restraining order against Baker, the District Clerk and the Constable (CR64) which was continued as a temporary injunction (CR91). Keathley obtained and filed a writ of supersedeas of the Smith County judgment (CR76). Baker filed a motion to dissolve the temporary injunction (CR102). Keathley filed a second supplemental original application for injunctive relief and declaratory judgment on the issues of garnishment and execution (CR130); a motion for summary judgment on levy of the writ of execution (CR154) which were denied (CR304;CR305); Keathley filed a motion to modify injunction and release fund (CR205) and a supporting designation of exempt property (CR270). All of Keathley's motions and applications for declaratory relief were disposed of by the Court (CR305). Keathley filed his request for findings of fact and conclusions of law, motion for reconsideration; motion for new trial and notice of appeal (CR308).

Proceedings in the trial court were stayed by Keathley's bankruptcy (CR310) until Keathley's discharge (CR328;CR333) and the stay lifted (CR319). The trial court entered its order disposing of all remaining issues (CR321) under which the $40,000 originally ordered distributed to Keathley under the settlement was modified and the Clerk directed to distribute $10,000 to Larry R. Wright, Keathley's attorney, under assignment of an interest in the settlement (CR269) and to distribute $30,000 to Travis Clardy as attorney for Baker on Baker's judgment for attorneys' fees awarded against Keathley in the Smith CountyCourt at Law (CR351). All of Keathley's request for findings of fact and other motions and requests were denied (CR351). After the appeal was reinstated by this Court having filed his notice of appeal (CR316), Keathley requested the Clerk's Record (CR340) and Reporter's Record (345), paid all required fees and submits this appellant's brief in support of his appeal.

Appellant's Brief  2

## STATEMENT OF JURISDICTION

Jurisdiction over the case on appeal from the 62nd District Court of Franklin County, Texas involving an amount in controversy over $100 and coming from a Court within the Sixth Judicial District of Texas is proper under Section 22.20(g) and Section 22.22(a) of the Government.

## STATEMENT REGARDING ORAL ARGUMENT

Unless the Court deems oral argument would assist in reviewing the details of events related to the issues presented in this case, particularly with respect to the issues of exempt or nonexempt property, Appellant does not request Oral Argument.

## POINTS OF ERROR ON ISSUES PRESENTED

POINT OF ERROR NO. ONE:

The trial court erred in ordering the Clerk to disburse $30,000 from registry funds to Travis Clardy based on the writ of execution levied under Corbitt Baker's judgment against Frank Keathley because a writ of execution is not a proper legal remedy for enforcement of a judgment against a judgment debtor's funds in the possession of a third party and because the funds were in legal custody of the Court.

POINT OF ERROR NO. TWO:

The trial court erred in ordering the Clerk to disburse $30,000 from registry funds to Travis Clardy based on the writ of execution levied under Corbitt Baker's judgment against Frank Keathley because the levy on the Clerk's funds failed to comply with the requirements of Rule 637 of Tex. R. Civ. P. and Tex. Prop. Code Sec. 42.003.

Appellant's Brief  3

POINT OF ERROR NO. THREE:

The trial court erred in ordering the Clerk to disburse $30,000 from registry funds to Travis Clardy based on Corbitt Baker's instruction to the Constable to levy the writ of execution against all of the $41,763.50 because Frank Keathley did not own all the funds and the levy was wrongful as to the other parties who did own an interest in the funds.

POINT OF ERROR NO. FOUR:

The trial court erred in ordering the Clerk to disburse $30,000 from the registry funds to Travis Clardy based on levy of the writ of execution issued under the Corbitt Baker judgment against Frank Keathley because the judgment debtor's ownership interest in the registry funds was exempt from execution under Property Code Sec. 42.001 and Sec. 42.002.

POINT OF ERROR NO. FIVE:

The trial court erred in ordering the Clerk to disburse $30,000 from the registry funds to Travis Clardy based on levy of the writ of execution issued under Corbitt Baker's judgment against Frank Keathley as entered March 8, 2011, because the judgment was not a final judgment as required by Rule 622, Tex. R. Civ. P. and because the writ was voided when the judgment was revoked by the judgment entered April 12, 2011, reinstated by the Order entered April 18, 2011, appealed and reformed and affirmed by the Twelfth Court of Appeals Opinion delivered April 3, 2013 and Judgment dated April 24, 2011.


STATEMENT OF FACTS

This appeal arises as the result of post judgment events involving two lawsuits in which Frank Keathley ("Keathley") was a party. This lawsuit in the 62nd District Court of Franklin County, Texas, was filed as a commission sales contract dispute by J.J. Investments Company, LTD ("JJ Investments") (CR6) against Keathley (CR9) in which Keathley filed a counterclaim (CR19) which was answered by JJ Investments (CR29) . On March 25, 2011, the Franklin County District Court case was settled (CR34) and the

Appellant's Brief  4

trial court entered its Order to Distribute Funds (CR36) totaling $41,763.50 which had been paid into the registry of the Clerk of the Court (CR17).  Under the Order to Distribute, Keathley was to receive $40,000, Larry R. Wright was to receive $845.00 (for costs) and JJ Investments was to receive $918.50 from the Court's registry funds.

On the date the Order to Distribute Funds was entered, Franklin County Constable Randy Green levied a writ of execution against all of the registry funds held by Franklin County District Clerk, Ellen Jaggers (CR37).  The writ was issued under an interlocutory judgment for Corbitt Baker ("Baker") against Keathley and his wife, Melissa Keathley, in a real estate contract lawsuit filed by Keathley and wife against Baker in the County Court at Law, No. Three of Smith County, Texas.  The first judgment in the Smith County case was entered March 8, 2011 in favor of Corbitt for his attorneys' fees and costs and against Keathley and wife (CR37).  On April 12, 2011, the Smith County case had a second judgment entered reversing the March 8, 2011 judgment and granting judgment for Keathley and wife against Baker (CR60).  Then, on April 18, 2011, the Smith County judge signed an Order Vacating Final Judgment Erroneously Entered April 12, 2011 in which the March 8, 2011 judgment was declared to be the final judgment of the court.  The Smith County case was appealed to the Twelfth Court of Appeals in Tyler. The opinion of the Court of Appeals affirmed the action of the trial court and held that the April 18, 2011 order properly established the March 8, 2011 judgment as the final judgment in the case (CR112;CR124).  The March 8, 2011 judgment became a final judgment by mandate of the Court of Appeals (CR110) and awarded Baker judgment against Keathley and wife for attorneys' fees, costs and interest.

Appellant's Brief  5

Baker obtained his writ of execution from the Smith County Clerk before the Smith County judgment was final under the special provisions of Rule 628 Tex. R. Civ. P. (CR37). At the specific request of Baker's attorney, Constable Green was instructed to levy Baker's writ of execution against all the funds held in the registry and instructed to not contact Keathley regarding the levy (CR40). As shown by the Officer's Return, Constable Green levied on all the funds held by the District Clerk (CR39).

When informed of the levy, Keathley obtained a writ of supersedeas from the County Clerk of Smith County, Texas and filed it with the District Clerk in Franklin County, Texas (CR79). Keathley filed his application for injunctive relief and declaratory judgment (CR42;CR54;CR130) and received issuance of a temporary restraining order stopping the levy (CR64) which was continued as a temporary injunction (CR91). Keathley sought to have the levy quashed by a motion for summary judgment (CR154) that was denied (CR304). Keathley sought to have the injunction modified and his funds released (CR205) that was denied (CR305). Baker filed a motion to dissolve the temporary injunction (CR167) that was granted (CR305).

By a motion for release of registry funds ordered distributed to Larry R. Wright (CR67) the $845.00 for court costs was released from the registry by agreed order (CR97). JJ Investments did not file any request for release of the funds ordered distribute to it under the original order (CR36).

Keathley filed the Agreement between Larry R. Wright and Frank Keathley dated March 15, 2011 as documentation of assignment of an interest in the $40,000 settlement

Appellant's Brief  6

proceeds in exchange for a reduction of the attorney's fee in the original lawsuit to $10,000 (CR269).

In compliance with Section 42.003 of the Tex. Prop. Code, Keathley a Designation of Exempt Property declaring and designating the property owned by him and his wife which qualified for exemption under Section 42.001 and 42.002 of the Tex. Prop. Code. Baker did not file any objection to the designation and did not file any controverting evidence to such designation. Under the designation, Keathley claimed the $40,000 in the Court's registry was exempt under the family exemption (Sec. 42.001).

Following entry of the orders shown at CR305, Keathley filed his Request for Findings of Fact and Conclusions of Law, Motion for Reconsideration and/or Motion for New Trial and Notice of Appeal (CR308). The trial court entered its Order Denying Frank Keathley's Request for Findings of Fact and Conclusions of Law, Motion for Reconsideration and/or Motion for New Trial and Notice of Appeal (CR351).

On April 28, 2014, Keathley filed his Notice of Bankruptcy Case Filing (CR310) and on May 7, 2014, he filed his Notice of Bankruptcy (CR314). On September 16, 2014, an Order Granting Relief from Automatic Stay was filed with respect to resolution of issues related to the ownership and distribution of the registry funds (CR319). On October 9, 2014, Frank Keathley's Notice of Discharge in Bankruptcy was filed (CR328). As shown by the file of the Clerk of this Court, the appeal was reinstated and has proceeded.

Keathley filed his Request for Clerk's Record (CR340) and Request for Reporter's Record (CR345) and perfected his appeal.

Appellant's Brief  7

SUMMARY OF THE ARGUMENT

SUMMARY OF THE ARGUMENT IN SUPPORT OF
POINT OF ERROR NO. ONE

POINT OF ERROR NO. ONE (RESTATED):

The trial court erred in ordering the Clerk to disburse $30,000 from registry funds
to Travis Clardy based on the writ of execution levied under Corbitt Baker's
judgment against Frank Keathley because a writ of execution is not a proper legal
remedy for enforcement of a judgment against a judgment debtor's funds in the
possession of a third party and because the funds were in legal custody of the
Court.

The proper remedy for Corbitt Baker to enforce his judgment against registry

funds held by the Clerk of the Court would have been service of a writ of garnishment on

the Clerk rather than levy of a writ of execution. By definition, the distinction between a

writ of execution and a writ of garnishment is that a writ of execution is directed toward

property in the possession or control of the judgment debtor and a writ of garnishment is

directed toward property belonging to the judgment debtor but in the possession or

control of a third party.

Garnishment is a statutory proceeding whereby the property of a judgment debtor

that is in the possession of a third party and not otherwise exempt from execution, may be

reached by the judgment creditor and applied to payment of the debt. A writ of execution

to collect a money judgment is a statutory process requiring the Sheriff to satisfy the

judgment out of property of the judgment debtor subject to execution and requiring the

Sheriff to contact the judgment debtor to have him identify property subject execution.

The levy must first be made on the judgment debtor against property, which is not

Applicant's Brief  8

exempt. Under both a writ of execution and a writ of garnishment, the judgment creditor is first required to attempt collection directly from the judgment debtor.

In this case the funds in question were being held by the Court in its legal custody and as such, were not subject to levy of a writ of execution and could only be claimed by service of a writ of garnishment. The purpose of this rule is to preserve the jurisdiction of the court holding legal custody and to avoid conflicts of jurisdiction with other courts. Because the writ of execution was not the proper legal remedy and because the levy done improperly and because the funds were held in legal custody by the Clerk, the trial court erred by directing payment of $30,000 of registry funds to Corbitt Baker's attorney under levy of the writ of execution.

## SUMMARY OF THE ARGUMENT IN SUPPORT OF
## POINT OF ERROR NO. TWO

POINT OF ERROR NO. TWO (RESTATED):

> The trial court erred in ordering the Clerk to disburse $30,000 from registry funds to Travis Clardy based on the writ of execution levied under Corbitt Baker's judgment against Frank Keathley because the levy on the Clerk's funds failed to comply with the requirements of Rule 637 of Tex. R. Civ. P. and Tex. Prop. Code Sec. 42.003.

As state in Point of Error No. One, the writ of execution was not the proper legal remedy and the registry funds were not subject to execution. Even if the writ of execution had been a proper legal remedy, the levy failed to comply with the requirements of the law to be an enforceable levy. The proper process for levy of a writ of execution under a money judgment is established by Rule 637 Tex. R. Civ. P., subject

Applicant's Brief 9

to the requirements for determination of exempt property under Section 42.003 of the Tex. Prop. Code. In this case the Constable upon the direct instructions of Corbitt Baker's attorney, failed to follow the process required by law. The facts of the manner in which the levy was executed are undisputed and show that the levy was improper because there had been no attempt to levy directly against the judgment debtor and because there was no effort made to permit the judgment debtor to make a designation of exempt and nonexempt property. The designation of exempt property filed with the Court by Frank Keathley following the levy on the registry funds was undisputed and established that his interest in the registry funds was exempt from execution. For these reasons the trial court erred in ordering distribution of $30,000 from the registry funds to Corbitt Baker's attorney under the improper levy.

SUMMARY OF THE ARGUMENT IN SUPPORT OF
POINT OF ERROR NO. THREE

POINT OF ERROR NO. THREE (RESTATED)
:

> The trial court erred in ordering the Clerk to disburse $30,000 from registry funds to Travis Clardy based on Corbitt Baker's instruction to the Constable to levy the writ of execution against all of the $41,763.50 because Frank Keathley did not own all the funds and the levy was wrongful as to the other parties who did own an interest in the funds.

It is undisputed that $41,637.50 was held in the Court's registry by the Clerk and that the Order for Distribution declared Frank Keathley owner of $40,000 of the funds. On the instructions of Baker's attorney, the Constable's levy was for all monies held in the registry and was not limited to those owned by Keathley. Enforcement of a judgment

Applicant's Brief  10

can only be against property owned by a judgment debtor that is not exempt. Baker's levy seeking to recover property owned by third parties and not limited to Keathley's property was unlawful. The proper remedy to raise an ownership issue was a writ of garnishment, not a writ of execution. Since Baker's levy was unlawful it should have been quashed and the funds release under the original Order for Distribution. It was error for the trial court to retain the funds in its legal custody pending further orders to declare ownership. The trial court erred by enforcing an unlawful levy and ordering funds distributed to Baker's attorney.

## SUMMARY OF THE ARGUMENT IN SUPPORT OF POINT OF ERROR NO. FOUR

POINT OF ERROR NO. FOUR (RESTATED)
:

> The trial court erred in ordering the Clerk to disburse $30,000 from the registry funds to Travis Clardy based on levy of the writ of execution issued under the Corbitt Baker judgment against Frank Keathley because the judgment debtor's ownership interest in the registry funds was exempt from execution under Property Code Sec. 42.001 and Sec. 42.002.

> Regardless of whether Baker's levy of a writ of execution was the proper remedy

and whether the levy complied with the requirements for a lawful levy and whether the levy against all the registry funds was wrongful, the undisputed evidence proved, as a matter of law, that any interest in the registry funds held by Keathley was exempt from execution or garnishment to enforce Baker's judgment. It is undisputed Baker made no

Applicant's Brief 11

effort to follow the legal requirements for enforcement of a judgment by first levying a

writ of execution on the judgment debtor to reach any nonexempt property subject to

execution.  Keathley exercised his constitutional and statutory right to claim his exempt

property by filing a verified claim with the Court.  His designation of exempt property

was not disputed and included his interest in the registry funds as exempt as part of his

$60,000 family exemption, whether classified as commission income or as an asset not

covered by a specific exemption.  The trial court erred by ordering $30,000 paid from the

registry funds to Baker's attorney because it was undisputed the funds were exempt and

there was no evidence that it was not exempt.


ARGUMENT AND BRIEF IN SUPPORT OF
POINT OF ERROR NO. FIVE

POINT OF ERROR NO. FIVE (RESTATED):

The trial court erred in ordering the Clerk to disburse $30,000 from the registry
funds to Travis Clardy based on levy of the writ of execution issued under Corbitt Baker's
judgment against Frank Keathley as entered March 8, 2011, because the judgment was
not a final judgment as required by Rule 622, Tex. R. Civ. P. and because the writ was
voided when the judgment was revoked by the judgment entered April 12, 2011,
reinstated by the Order entered April 18, 2011, appealed and reformed and affirmed by
the Twelfth Court of Appeals Opinion delivered April 3, 2013 and Judgment dated April
24, 2011.

The writ of execution levied against the registry funds was issued under the

Corbitt Baker judgment against Frank Keathley before it became a final judgment.  The

March 8, 2011 judgment was reversed and a new judgment against Baker was entered

April 12, 2011 and then it was reinstated by Order dated April 18, 2011.  After appeal of

Applicant's Brief  12

the case to the Twelfth Court of Appeals, the appellate court held the April 18, 2011

reinstatement made the March 8, 2011 judgment the judgment in the case. However, the

Court of Appeals opinion affirmed the trial court's judgment, subject to a remittitur by

Baker. The appellate judgment modified and affirmed the March 8, 2011 judgment. The

Court of Appeals judgment became final. Because a writ of execution issued under an

interlocutory judgment that is reversed is a void writ and a subsequent reinstatement of

the judgment does not reactivate the writ. In this case, the original judgment under which

the writ was issued was not affirmed on appeal, it was modified, which meant that the

actual judgment for Baker was the March 8, 2011 judgment, as modified.


ARGUMENTS AND BRIEFS IN SUPPORT
OF
POINTS OF ERROR ON ISSUES PRESENTED


ARGUMENT AND BRIEF IN SUPPORT OF
POINT OF ERROR NO. ONE

POINT OF ERROR NO. ONE:

> The trial court erred in ordering the Clerk to disburse $30,000 from registry funds to Travis Clardy based on the writ of execution levied under Corbitt Baker's judgment against Frank Keathley because a writ of execution is not a proper legal remedy for enforcement of a judgment against a judgment debtor's funds in the possession of a third party and because the funds were in legal custody of the Court.

> Levy of a writ of execution against judgment debtor's assets in the possession of a

third party is not the proper legal remedy and is invalid and void. The proper legal

remedy to enforce a judgment against judgment debtor funds in the possession of a third

Applicant's Brief 13

party is a writ of garnishment. Even if levy of the writ of execution had been the proper legal remedy, Baker's levy of his writ of execution was made against all the monies held in the Court's registry (CR37;CR39) and was not limited to Keathley's interest in the registry funds. Baker's specific instructions to the Constable directed the levy be made against the $41,763.50 (CR40) As a result of the levy, Baker placed the Clerk in a position of peril by having to make a decision of whether to obey the Writ from the Smith County Court at Law or whether to obey this Court's Order for Distribution.

Under Rule 630 Tex. R. Civ. P., a writ of execution to collect a money judgment is a statutory process requiring the Sheriff to satisfy the judgment out of the property of the judgment debtor subject to execution. Rule 637 Tex. R. Civ. P. requires the Sheriff to levy a writ of execution against any property of the judgment debtor and directs him to contact the judgment debtor to have him identify property subject to execution. The levy is to be first made against the property not designated as exempt by the judgment debtor. In the present case, it is undisputed the Constable was specifically instructed by Baker's counsel not to contact Keathley and was directed to levy against all the money held by the Clerk in the registry of this Court without any determination that such funds were subject to execution or collection and were all Keathley's funds (CR40). Baker's levy on all the registry funds also created issues of ownership of the funds because of competing claims which required them to remain in the Court's registry pending determination of ownership for the purposes of the levy. Baker's levy ignored the rights of Keathley to establish his exemptions under the Property Code. In the context of the facts in this case

Applicant's Brief  14

it is clear Baker's attempted levy of a writ of execution against the registry funds was not appropriate and was a legal nullity and void.

Garnishment is a statutory proceeding established under Section 63.001 Tex. Civ. Prac. & Rem. Code and implemented by Rule 657, Tex. R. Civ. P. It is a proceeding whereby the property, money or credits of a judgment debtor that are in the possession of a third party and not otherwise exempt from execution under the Property Code, may be reached by the judgment creditor and applied to payment of the debt. See, *Bank One, Texas, N.A. vs. Sunbelt Savings, F.S.B.*, 824 S.W.2d 557 (Tex. 1992). The basis for issuance of a writ of garnishment in a case such as this case is set by Section 63.001(3) Tex. Civ. Prac. & Rem. C. in which the plaintiff must have ". . . a valid subsisting, judgment and makes an affidavit stating that, within the plaintiff's knowledge, the defendant does not posses property in Texas subject to execution sufficient to satisfy the judgment." The facts are undisputed that Baker made no effort to allow Keathley any opportunity to declare his exempt property. To the contrary, Baker's counsel made it clear to the Constable that Keathley was not to be contacted.

By definition, the distinction to be made between a writ of execution and a writ of garnishment is that a writ of execution is directed toward property in the possession or control of the judgment debtor (Rule 637) and a writ of garnishment is directed toward property belonging to the judgment debtor but in the possession or control of a third party (Rule 657). As stated in the *Bank One* case, "When a creditor wants to challenge title to funds held by a third party, the creditor should seek a writ of garnishment naming the

nominal owner not the true owner. The court is then responsible for determining true ownership." In this case, at the time of Baker's levy, Keathley was not in possession of the funds in question since they were held by the Clerk in *custodia legis.*

Property is held in *custodia legis,* or "in the custody or keeping of the law," when an arm or instrumentality of the court holds possession of the property on behalf of the court. See, *Black's Law Dictionary.* Texas law recognizes that property in *custodia legis* is not generally subject to levy and sale under execution or garnishment. See, *First Southern Properties, Inc. v. Vallone,* 533 S.W.2d 339, 343 (Tex. 1976) (execution); *Daniels vs. Pecan Valley Ranch, Inc.,* 831 S.W.2d 372, 382 (Tex.App.--San Antonio 1992, writ denied) (garnishment). Property held in legal custody of the court is held pending orders of the court administering the property and the disallowance of execution or garnishment is intended to preserve the jurisdiction of that court and avoid conflicts of jurisdiction with other courts. See *Daniels,* above. The reason for the rule prohibiting interference by one court with property in legal custody of another court is derived from the exclusive jurisdiction which arises out of possession of the thing (funds). Nowhere is the doctrine enforced more stringently than when other courts attempt to interfere. See V*allone,* above. The reason for the rule as between courts of concurrent jurisdiction, like we have in this case, has been stated as follows:

> The possession of the Res vests the court which has first acquired jurisdiction with the power to hear and determine all controversies relating thereto, and for the time being disables other courts of co-ordinate jurisdiction from exercising a like power. This rule is essential to the orderly administration of justice, and to prevent unseemly conflicts between courts whose jurisdictions embrace the same subjects and persons. . .. See, *Vallone,* above.

Under this rule, the writ of execution issued by the Smith County Court at Law, No. 3 could not be lawfully levied against the funds held by The Franklin County District Court since the issuing court had no jurisdiction to issue writs for funds in the legal custody of another Court. The same would have been true if the Smith County court had issued a writ of garnishment. See *Daniels,* above.

There is an exception to the rule prohibiting levy or garnishment of funds held in legal custody by a court. The exemption from levy or garnishment ceases when a court has entered a judgment determining ownership of the funds and ordering the distribution of the funds and the judgment is final for all purposes with nothing remaining for the custodian to do but make delivery or payment to the person entitled to such funds. See, *Houston Drywall, Inc. v. Const. Systems, Inc.,* 541 S.W.2d 220 (Tex.Civ.App.--Houston (1st Dist.) 1976, no writ); *Southwestern Bell Telephone Company vs. Watson,* 413 S.W.2d 845 (Tex.Civ.App.-- Corpus Christi 1967, no writ). The Court's Order of Dismissal was signed on March 25, 2011 (CR34). The Order to Distribute Funds was signed March 30, 2011 (CR36). The Smith County writ of execution was levied March 30, 2011 (CR37). For purposes of this appeal, the Order of Dismissal was the final judgment and was signed March 25, 2011. The judgment would have become final April 25, 2011, at which point the trial court would have lost its plenary power to revoke, modify or amend the judgment under Rule 329b Tex. R. Civ. P. On April 25, 2011, the funds held by the Clerk would no longer have been held in legal custody of the Court, but would have been held in trust for the persons designated by the Order for Distribution. Only at the point in time when this Court's judgment became final, did Keathley's portion

Applicant's Brief  18

of the funds become his and subject to enforcement of a judgment against him. This conclusion is supported by the case of *Hardy v.* Construction *Systems, Inc.,* 556 S.W.2d 843 (Tex.Civ.App.--Houston (14 Dist.) 1977, writ ref'd n.r.e.) in which the Court stated, as follows:

> When, as here, a court has entered a judgment ordering the distribution of funds in its registry and time has passed sufficient to render the judgment beyond the court's power to set aside, modify, or amend, then the court has lost subject matter jurisdiction over the funds, and the justification for the rule precluding garnishment no longer exists. Moreover, it would seem to be inappropriate to describe funds in the registry of the court as being in custodia legis after subject matter jurisdiction has ceased. Instead, they should be viewed as being held by the clerk in trust for the one found to be entitled to them. See, *Sellers v. Harris County,* 483 S.W.2d 242 (Tex.Sup. 1972).

The attempted levy of the Smith County writ of execution on March 30, 2011 was invalid in this case because (1) the issuing court had no jurisdiction over this Court's registry funds since there was no final judgment in this case and this Court retained jurisdiction protected from interference from other courts; and (2) the funds remained in legal custody of this Court and were not subject to execution or garnishment until after this Court lost plenary power April 25, 2011; and (3) the Judgment and Order establishing Keathley's ownership interests in the funds was not final and the attempted levy was premature and void. The effect of a premature collection effort against registry funds under a writ of garnishment is the subject of the opinion in the *Houston Drywall, Inc.* (above), where the writ of garnishment was held premature and quashed when served before the judgment was final. In the current case, in addition to being the inappropriate enforcement action, Baker's writ of execution levied prior to the time this Court's

Applicant's Brief 19

judgment became final was premature and invalid as a levy against funds in *custodia legis.*

Because Baker's attempted levy sought to reach all the funds held by the Clerk and was not limited to just Keathley's portion, the sole effect was to put the ownership of all the funds in question and place the Clerk in a conflict as to which court order to obey. This Court retains jurisdiction to enter orders in aid of enforcement of its judgment and to resolve the conflict created by Baker's invalid levy against the funds held in its registry. See, *Bank One,* above, and *Pace v. McEwen,* 617 S.W.2d 816, 819 (Tex.Civ.App.-- Houston (14th Dist.) 1981, no writ). Under Rule 637, Tex. R. Civ. P. it was the Constable's duty to levy the Writ ". . . upon the property of the defendant (Keathley) found within this county not exempt from execution, underline{unless otherwise directed by the plaintiff} (Baker) underline{his agent or attorney.}" In this case, Baker's attorney directed the Constable to levy against the funds in the registry of the Court by serving the District Clerk (CR40). Those directions were given without any attempt to determine if the funds were exempt from execution and without specifically designating the portion belonging to Keathley. In this case, Baker was in a position similar to PaineWebber (a garnishor) whose writ of garnishment was quashed because it failed in its duty to specify the proper party and proper account to be garnished. See, *Overton Bank & Trust, N.A. v. PaineWebber, Inc.,* 922 S.W.2d 311 (Tex.Civ.App.--Fort Worth, 1996, no writ). The *Pace* and *Overton Bank* cases rely on *Bank One,* to hold that, in a case such as this one, it is the trial court's job to determine whether a judgment creditor's writ is properly

Applicant's Brief 20

executed and to establish ownership of property and to determine whether property is exempt. The statement of the rule in *Bank One,* above, that applies to the current case is as follows:

> When a creditor wants to challenge title to funds held by a third party, the creditor should seek a writ of garnishment naming the nominal owner not the true owner. The court is then responsible for determining true ownership. Requiring a garnishee bank to determine true ownership of its deposits improperly shifts a judicial responsibility to the garnishee.

By following the rule stated in *Bank One* the same result should apply for Baker's writ of execution because it was Baker's responsibility to properly identify the funds to be levied against and to determine that such funds were subject to levy by the Constable since Baker was directing the Constable's actions. By claiming all the funds held by the Clerk, Baker interjected the issue of ownership and attempted to ignore the issue of exempt status. As a result of the levy on all the funds, it became the trial court's responsibility to retain the funds in its legal custody and to determine all ownership and exemption issues. The trial court erred by not voiding the levy and requiring Baker to proceed under a proper legal remedy (writ of garnishment) and comply with controlling enforcement rules.

ARGUMENT AND BRIEF IN SUPPORT OF
POINT OF ERROR NO. TWO

POINT OF ERROR NO. TWO:

>The trial court erred in ordering the Clerk to disburse $30,000 from registry funds to Travis Clardy based on the writ of execution levied under Corbitt Baker's judgment against Frank Keathley because the levy on the Clerk's funds failed to comply with the requirements of Rule 637 of Tex. R. Civ. P. and Tex. Prop. Code Sec. 42.003.

>The March 30, 2011 letter of instructions from Baker's attorney given to

Constable Green with the writ of execution specifically instructed the Constable not to

contact Keathley regarding the attempted levy on all of the funds in the Court's registry

(CR40).  As shown by the Officer's Return, the levy was made on all the monies held in

the registry and was not limited to Keathley's interest or ownership (CR39).  There is no

evidence that Baker or the Constable ever made any attempt to contact Keathley

regarding enforcement of the judgment.  There was no attempt or effort made to comply

with Rule 637 Tex. R. Civ. P. which required Keathley be contacted for the purpose of

enforcing the judgment and having Keathley identify designate their exempt and

nonexempt property.  To the contrary, beginning with the Original Application for

Equitable Relief and Declaratory Judgment dated April 8, 2011 (CR42), Keathley

claimed his interest in the registry funds were exempt and alleged Baker failed to comply

with the requirements of Rule 637.  There is no evidence that Baker gave the required

notice or made the required demand for designation in compliance with Rule 637.  There

is nothing in the writ of execution or any of the paperwork related to the writ of execution

or in any of Baker's pleadings that discloses any effort to comply with the notice and

Applicant's Brief  21

demand requirements of Rule 637. Any claim by Baker that the Smith County Court ruled that his writ was properly issued is not relevant and has no bearing on how the writ was levied or executed. The manner in which the writ was levied or enforced was within the exclusive jurisdiction of the trial court. The effect of Baker's failure to follow the procedures required by Rule 637 in enforcement of judgments is shown by the opinion of the Texarkana Court of Appeals in *Collum v. DeLoughter,* 535 S.W.2d 390, 393 (Tex.App.--Texarkana 1976, writ ref'd. n.r.e.) in which the Court held that Rule 637 requires the sheriff to call upon the judgment debtor to "point out property to be levied upon, and the levy shall first be made upon the property designated by " the judgment debtor. The sheriff's failure to afford the judgment debtor the opportunity to designate the property upon which the sheriff should first levy constituted an irregularity in the execution sale and the sale was vacated. To the same effect, see also, *Pantaze v. Slocum,* 518 S.W.2d 407, 411 (Tex.Civ.App.-Fort Worth, 1974, writ ref'd n.r.e.). The case of *Reyes v. Barrasa,* ___ S.W.3d ___, No. 04-12-00673, Tex.App.--San Antonio, September 11, 2013, ____, was also a case that applied the *Collum* rule to set aside an invalid levy because the judgment debtor was never asked to designate the property upon which the sheriff should levy. Under these cases, because Baker's attempted levy was not preceded by compliance with the requirements of Rule 637 and because it is undisputed Baker specifically instructed the Constable not to comply the levy was invalid and should have been quashed by the trial court. It is undisputed that Baker failed to make demand on Keathley to declare his exempt property and designate nonexempt property against which

Applicant's Brief  22

Baker's judgment could be enforced. The trial court erred for not holding the levy to be

invalid and of no effect and for ordering distribution of registry funds to Baker's lawyer.

ARGUMENT AND BRIEF IN SUPPORT OF
POINT OF ERROR NO. THREE

POINT OF ERROR NO. THREE:

> The trial court erred in ordering the Clerk to disburse $30,000 from registry funds to Travis Clardy based on Corbitt Baker's instruction to the Constable to levy the writ of execution against all of the $41,763.50 because Frank Keathley did not own all the funds and the levy was wrongful as to the other parties who did own an interest in the funds.

> The evidence is undisputed that the Clerk held $41,637.50 in the registry of this

Court under the Order for Distribution signed March 30, 2011. It is also undisputed that

Baker's instructions to the Constable did not specify a levy on Keathley's $40,000

declared to belong to him and held by the Clerk. The Constable's levy specifically

designated the "monies held in the registry" and was not limited to the $40,000 owned by

Keathley. Enforcement of a judgment can only be against property owned by a judgment

debtor and only that is nonexempt. Although Keathley's claim in the underlying lawsuit

was for ownership of the entire $41,637.50 interplead into this Court, the final Order for

Distribution only designated $40,000 to belong to him. Baker's levy overreached and

sought to claim property declared by the Court to belong to third parties. Baker's levy

raised issues as to ownership of the funds held by the Clerk. Determination of ownership

is exclusively for this Court when presented with an application for a writ of

Applicant's Brief  23

garnishment.  It was Baker's duty to specify which funds it sought to reach.  The proper

remedy for him to seek enforcement of his judgment was by writ of garnishment from

this Court, not a writ of execution from Smith County.  See, *Bank One Texas, N.A.*

(above).  There is no genuine issue of any material fact regarding the Constable's levy

under Baker's instructions and such attempted levy was invalid, as a matter of law.

Therefore, the Court should grant summary judgment in favor of Keathley on this issue,

declare the attempted levy invalid, direct the District Clerk to release the funds to

Keathley as originally ordered and enjoin Baker and Constable Green as requested.


### ARGUMENT AND BRIEF IN SUPPORT OF
### POINT OF ERROR NO. FOUR

POINT OF ERROR NO. FOUR:

> The trial court erred in ordering the Clerk to disburse $30,000 from the registry funds to Travis Clardy based on levy of the writ of execution issued under the Corbitt Baker judgment against Frank Keathley because the judgment debtor's ownership interest in the registry funds was exempt from execution under Property Code Sec. 42.001 and Sec. 42.002.

Although Baker never requested Keathley declare his exempt property as required

by Rule 637 Tex. R. Civ. P. and Section 42.003 Tex. Prop. Code, a judgment debtor has a

reasonable time to make a designation of exempt property.  In this case, Keathley's

claimed his exemption rights in his original application for equitable relief filed in this

Court in response to Baker's attempted levy (CR42).  At the direction of the trial court

Applicant's Brief  24

(RRVol.3,Pg.9,Line20) and pursuant to the provisions of the Texas Property Code, Frank Keathley and wife, Melissa Keathley, ("Keathleys") filed their designation of property exempt from execution (CR270).

Personal Property

As required by Section 42.003 Tex. Prop. Code, the Keathleys made their designation of personal property exempt from execution under Sec. 42.001(a) and Sec. 42.002, Tex. Prop. Code, as follows:

Personal property:

Personal property with a fair market value of less than $60,000, including items described by categories under Sec. 42.002(a), including:

1. TPC 42.002(a)(1)     home furnishings and family heirlooms
2. TPC 42.002(a)(2)     provisions for consumption
3. TPC 42.002(a)(3)     farming/ranching vehicles and implements
4. TPC 42.002(a)(5)     wearing apparel
5. TPC 42.002(a)(6)     jewelry with a value of less than $15,000
6. TPC 42.002(a)(7)     two firearms
7. TPC 42.002.(a)(8)    athletic and sporting equipment, including bicycles
8. TPC 42.002(a)(9)     Two vehicles, including a pickup and a car
9. TPC 42.002(a)(10)    livestock and pets, saddles and tack

Total Fair Market Value                                      $45,000.00

10. TPC 42.001(d)       unpaid commissions                   $15,000.00

               TOTAL FAMILY EXEMPTION                        $60,000.00

3.     Specific Personal Property

Pursuant to Sec. 42.001(b) Tex. Prop. Code, the Keathleys designated as exempt, the following items:

1. Current wages, including disability payments covered by TPC 42.001(b)(1).

Applicant's Brief  25

2.  Professionally prescribed health aids (TPC 42.001(b)(2).  Frank Keathley has been blinded in one eye and is disabled.  Melissa Keathley has been diagnosed with a rare and frequently terminal nerve and sleep disorder and is disabled.

3.  The family Bible (TPC 42.001(b)(4).

4.  Unpaid commissions for personal services, $15,000.00 of which has been included in the Family Exemption as shown in Item 2, Personal Property, above.  The total commissions were $40,000, of which $10,000 was previously assigned to Larry R. Wright as attorneys' fees for recovering the money.  After deducting the attorney's $10,000 and the exempt $15,000 under Sec. 42.001(d), the remaining balance of $15,000 would be exempt as part of the family exemption.

Under Sec. 42.0021 Tex. Prop. Code, the following items were designated as exempt:

| | | |
|---|---|---|
| Life Insurance (cash value) | 16,000 | Savings plan exemption TPC 42.0021. |
| Retirement Funds (IRA/401k) | 98,050 | Savings plan exemption TPC 42.0021 |

Regardless of the issues of enforcement and procedure discussed above, it is undisputed that the funds placed in the registry of the Clerk of this Court were interplead by Keathley and claimed by him as unpaid commissions to which he was entitled under the contract dispute made the subject of the underlying lawsuit in this case (CR11;CR19).  Unpaid commissions for personal services are exempt under Section 42.001(d) Tex. Prop. Code, which states as follows:

> (d)  Unpaid commissions for personal services not to exceed 25 percent of the aggregate limitations prescribed by Subsection (a) are exempt from seizure and are included in the aggregate.

Section 41.001(a) provides as follows:

Applicant's Brief  26

(a) Personal property, as described in Section 42.002, is exempt from garnishment, attachment, execution or other seizure if:
　　　(1) the property is provided for a family and has an aggregate fair market value of not more than $60,000 exclusive of the amount of any liens, security interests, or other charges encumbering the property;

In connection with showing his financial net worth for issuance of his Writ of Supersedeas in Smith County, Keathley filed the personal financial statement for Frank and Melissa Keathley dated May 9, 2011 which supports his claim that the registry funds were exempt at that time (CR83). As a matter of law and undisputed fact Keathley is entitled to summary judgment that all his interest in the registry funds was and are exempt under the Property Code. The evidence before the trial court on Keathley's exempt property was undisputed and was never objected to by Baker. The trial court erred in ordering the exempt funds paid to Baker.


ARGUMENT AND BRIEF IN SUPPORT OF
POINT OF ERROR NO. FIVE

POINT OF ERROR NO. FIVE:

The trial court erred in ordering the Clerk to disburse $30,000 from the registry funds to Travis Clardy based on levy of the writ of execution issued under Corbitt Baker's judgment against Frank Keathley as entered March 8, 2011, because the judgment was not a final judgment as required by Rule 622, Tex. R. Civ. P. and because the writ was voided when the judgment was revoked by the judgment entered April 12, 2011, reinstated by the Order entered April 18, 2011, appealed and reformed and affirmed by the Twelfth Court of Appeals Opinion delivered April 3, 2013 and Judgment dated April 24, 2011.

Baker's writ of execution levied on the registry funds was issued March 30, 2011 under the interlocutory judgment entered in the Smith County case dated March 8, 2011.


Applicant's Brief  27

On April 12, 2011, the March 8, 2011 judgment was reversed and a judgment entered in favor of Keathley and against Baker. On April 18, 2011, the Smith County trial court entered its Order setting aside the April 12, 2011 judgment and reinstating the March 8, 2011 judgment. The history of the Smith County trial court's changes to its judgment are discussed in detail by the Twelfth Court of Appeals opinion in the appeal of the case. A copy of the Opinion and Judgment are shown in the Appendix. When the Court of Appeals judgment became final, the end result was that the March 8, 2011 judgment was modified by a remittitur of attorneys' fees and affirmed as modified.

An interlocutory judgment may not be enforced by execution because Rule 622 Tex. R. Civ. P. requires a "final" judgment. See: *In Re Burlington Coat Factory Warehouse of McAllen, Inc.,* 167 S.W.3d 827, 831 (Tex. 2006). The same applies to Rule 627 Tex. R. Civ. P. which provides that a writ of execution will not issue until after a final and appealable judgment is signed. See: *Hood v. Amarillo National Bank,* 815 S.W.2d 545, 548 (Tex. 1991). The same is true under Rule 621a Tex. R. Civ. P. regarding discovery in aid of enforcement of a judgment, there must be a final judgment. See: *In Re: Edward B. Elmer, M.D.P.A.* 158 S.W.3d 603, 605 (Tex.App.--San Antonio, 2005, orig. mandamus proceeding).

Baker obtained his writ of execution under Rule 628 Tex. R. Civ. P. which permits issuance before thirty days have expired from the date of judgment. However, given the reasoning applied to executions as discussed in the cased cited above, Keathley contends that the same would apply to Rule 628. Although Rule 628 allows issuance of a writ prior to expiration of thirty days from the date of the judgment, the same reasoning

Applicant's Brief  28

applied to the other Rules on execution would presuppose that the judgment under which the writ is issued will become a final judgment. In Baker's case, that did not happen since a new judgment was signed April 12, 2011. Therefore, Baker's writ became invalid and the levy should have been set aside as void. The trial court erred in failing to void the writ and levy when it ordered disbursement to Baker's lawyer based on the levy.

The rule in Texas is that a writ of execution issued on a judgment that was canceled became void and any levy made by virtue of that writ is invalid. See: *Flanary v. Wade,* 102 Tex. 63, 113 S.W. 3 (1908). To the same effect is the holding in *Underwood v. Brown,* 29 Tex. 163, 168 (1902) where a judgment in excess of the court's jurisdiction was entered and property seized under a writ of execution. The trial court subsequently entered an order amending the judgment. In holding that the writ of execution was invalid and a legal nullity, the Court stated:

> If the amendment were valid, it would show a different judgment from the one on which the execution was issued, and would furnish no foundation for the writ, and it would be absolutely void. If it were invalid, the judgment upon which the execution was issued was void, and consequently all proceedings under it invalid. So in either event, the execution would be a nullity, and seizure of property under it tortuous and illegal.

The Court of Appeal's opinion discusses Rule 329(b) Tex. R. Civ. P. as it applied to the Smith County judgment, including a discussion of which judgment was the final judgment for purposes of appeal and the extent of the trial court's authority to amend or modify its judgments. In the end, the Court of Appeals held that all the trial court's actions were taken during the period of time it had plenary power over the case and that the April 18, 2011 order reinstating the March 8, 2011 judgment was valid. However, the

Applicant's Brief  29

March 8, 2011 judgment was not "affirmed" on appeal, it was "modified and affirmed" conditioned on remittitur of a portion of the attorneys' fees on appeal. For enforcement purposes and for Rule 627, at what point was the Smith County judgment "final"? Based on the longstanding rule that neither an interlocutory judgment nor an invalid judgment will support an enforcement action, the trial court erred by failing to recognize that Baker's writ was voided when the April 12, 2011 judgment was entered.

PRAYER

WHEREFORE, Appellant, Frank Keathley, prays that this Court hear and consider his points of appeal and enter its opinion sustaining his points of error and reverse the orders of the 62nd District Court of Franklin County, Texas entered in this case, as follows:

(i) Order on Frank Keathley's Motion for Summary Judgment on Levy of Writ of Execution dated March 25, 2014;

(ii) Order on Corbitt Baker's Motion to Dissolve Temporary Injunction, Frank Keathley's Motion to Modify Injunction and Release Funds And Frank Keathley's Motion to Modify Injunction and Release Funds And Frank Keathley's Motion for Summary Judgment on Levy of Writ of Execution dated March 25, 2014; and

(iii) Order Denying Frank Keathley's Request for Findings of Fact and Conclusions of Law, Motion for Reconsideration and/or Motion for New Trial and Notice of Appeal dated November 3, 2014;

and render judgment modifying the trial court's original Order to Distribute Funds dated March 25, 2011 by declaring ownership of the funds and directing the Clerk of the Court to distribute the funds remaining in the registry of the Court as follows:

Applicant's Brief 30

1. To Frank Keathley, the sum of $30,000;

2. To Larry R. Wright, the sum of $10,000; and

3. To J.J. Investments Company, LTD, the sum of $918.50;

and taxing all costs of court, including fees accrued under the Court's Order Allowing Clerk to Retain A Fee of Office dated April 11, 2014, against Corbitt Baker, Appellee; and entering a permanent injunction against Appellee, Corbitt Baker, his agents and attorneys and Constable Randy Green and his successors in office and District Clerk Ellen Jaggers and her successors in office from taking any enforcement action to collect under Corbitt Baker's Smith County judgment against Frank Keathley, his wife, Melissa Keathley, their heirs or assigns.

Alternatively, if necessary, Appellant, Frank Keathley, prays that this Court enter its opinion and affirm and reinstate the original Order To Distribute Funds as entered by the trial court March 25, 2011 and direct the Clerk to disburse the remaining registry funds to J.J. Investments Company, LTD in the amount of $918.50 with $10,000 paid to Larry R. Wright under the assignment by Frank Keathley in 2011 and the remaining $30,000 paid to Frank Keathley and reverse all the orders of the trial court entered March 25, 2014 and November 3, 2014, with all costs of court and Clerk's fees taxed to Appellee, Corbitt Baker.

Applicant's Brief  31

Appellant prays for such other relief to which he may be justly entitled.

Respectfully submitted this 12th day of February, 2015.

`
/s/ Larry R. Wright
Larry R. Wright
State Bar No. 22048000
P.O. Box 144
406 South Main Street
Winnsboro, Texas 75494
Telephone 903-342-1089
Fax 903-342-1088
Email lawyerwright@msn.com


## CERTIFICATE OF WORD COUNT

This is to certify that to the word count from Statement of the Case through the Prayer in Applicant's Brief is 8,538.

Signed February 12, 2015

/s/ Larry R. Wright
Larry R. Wright


## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been served by e-mail to each counsel of record at their e-mail address on this 12th day of February, 2015.

/s/ Larry R. Wright
Larry R. Wright

APPENDIX

Item No.

1.   Order of Dismissal
2.   Order To Distribute Funds
3.   Writ of Execution
4.   Final Judgment of Smith County Court at Law
5.   Order Granting Temporary Restraining Order
6.   Order Granting Temporary Injunction
7.   Agreed Order on Motion for Release of Registry Funds Paid To Larry R. Wright
8.   Agreement Between Larry R. Wright and Frank Keathley dated March 15, 2011
9.   Designation of Exempt Property by Frank Keathley and Melissa Keathley
10.  Order on Frank Keathley's Motion for Summary Judgment on Levy of Writ of Execution
11.  Order on Corbitt Baker's Motion To Dissolve Temporary Injunction, Frank Keathley's Motion to Modify Injunction and Release Funds And Frank Keathley's Motion to Modify Injunction and Release Funds And Frank Keathley's Motion for Summary Judgment on Levy Of Writ of Execution
12.  Frank Keathley's Request for Findings of Fact and Conclusions of Law, Motion for Reconsideration and/or Motion for New Trail and Notice of Appeal
13.  Notice of Bankruptcy Case Filing
14.  Notice of Bankruptcy
15.  Order Granting Relief From Automatic Stay
16.  Frank Keathley's Notice of Discharge in Bankruptcy
17.  Orders from Bankruptcy Court
18.  Order Denying Frank Keathley's Request for Findings of Fact and Conclusions of Law, Motion for Reconsideration and/or Motion for New Trial and Notice of Appeal
19.  Rule 329b Tex. R. Civ. P.
20.  Rule 621a Tex. R. Civ. P.
21.  Rule 622 Tex. R. Civ. P.
21a. Rule 627 Tex. R. Civ. P.
22.  Rule 628 Tex. R. Civ. P.
23.  Rule 630 Tex. R. Civ. P.
24.  Rule 637 Tex. R. Civ. P.
25.  Rule 657 Tex. R. Civ. P.
26.  Chapter 42.001 Texas Property Code
27.  Chapter 42.002 Texas Property Code
28.  Chapter 42.0021 Texas Property Code
29.  Chapter 42.003 Texas Property Code
30.  Chapter 44.002 Texas Property Code

31.    Section 63.001 Texas Civil Practice & Remedies Code
32.    Keathley v. Baker, Twelfth Court of Appeals, Tyler District
33.    Keathley v. Baker Judgment of Twelfth Court of Appeals, Tyler District

NO.  10.072

J.J. INVESTMENT COMPANY,
L.T.D.

V.

FRANK KEATHLEY,
INDIVIDUALLY, AND D/B/A TOP
SHELF ANTIQUES

IN THE DISTRICT COURT TEXAS

62nd  JUDICIAL DISTRICT

FRANKLIN  COUNTY, TEXAS

## ORDER OF  DISMISSAL WITH PREJUDICE

**ON  THIS  DATE**, came  to  be  heard  the  Agreed  Motion  for  Dismissal  with

Prejudice and, after same having been presented to the court, the court is of the opinion that such

Agreed Motion for Dismissal should be GRANTED.

**IT IS**, therefore, **ORDERED, ADJUDGED AND DECREED** that  PLAINTIFF/COUNTER

PLAINTIFF/COUNTER -DEFENDANTS' cause of action as alleged in Plaintiff's Original Petition

on  file  herein  and  DEFENDANT'S/COUNTER-PLAINTIFF'S  cause  of  action  as  alleged  In

Defendant's Original Counter-Petition on file herein be dismissed with prejudice,  with costs of court

being taxed against party incurred same.

SIGNED on March  25, 2011.

_____
JUDGE PRESIDING

AGREED:

By:_____
LARRY BLOUNT
State Bar No.: 02506450
200 N. Jackson Street
Sulphur Springs, TX 75482
Office No. 903 885-6506
Facsimile: 903-885-1119
Attorney for Plaintiff

**APPENDIX ITEM NO. 1**

AGREED

By: _____
LARRY R. WRIGHT
State Bar No.: 22048000
P.O. Box 144
406 South Main Street
Winnsboro, TX 75494
Tel. (903) 342-1089
Fax:(903) 348-1088
Attorney for Defendant

Order Granting Motion Summary Judgment                                    Solo

CAUSE NO. 10,072

FILED FOR RECORD
2011 MAR 30  PM 12: 04

| | | |
|---|---|---|
| J.J. INVESTMENT COMPANY, L.T.D. | § § § § § | IN THE DISTRICT COURT |
| V. | § § § | 62nd JUDICIAL DISTRICT |
| FRANK KEATHLEY, INDIVIDUALLY, AND D/B/A TOP SHELF ANTIQUES | § § § § § | FRANKLIN COUNTY, TEXAS |

## AGREED ORDER TO DISTRIBUTE FUNDS

ON THIS DAY, the Court considered and approved the Parties agreement pursuant to the mediated settlement agreement (attached hereto as Exhibit "A"). Therefore, the Parties' request to distribute funds held in the registry of this Court is hereby GRANTED.

IT IS THEREFORE ORDERED that the funds previously deposited in the registry of this Court in the amount of $41,763.50 be released.

IT IS FURTHER ORDERED that the District Court Clerk of Franklin County, Texas release and distribute said funds as follows:

$ 40,000.00    to Defendant Frank Keathley;

$ 845.00    to Defendant's attorney to Larry Wright;

$ 918.50    to Plaintiff J.J. Investment, Co. L.T.D.

All other relief not expressly granted herein is denied.

SIGNED this _____ day of March, 2011.

JUDGE PRESIDING

Order Releasing Funds                                                                 Page Solo

**APPENDIX ITEM NO. 2**

## WRIT OF EXECUTION
## THE STATE OF TEXAS

To the Sheriff or any Constable of Any County of the State of Texas, Greeting:

Whereas, at the February-March Term of the COUNTY COURT AT LAW 3 Court, SMITH County, Texas on 03/08/11, in a certain cause styled: FRANK KEATHLEY AND MELISSA KEATHLEY VS. CORBITT BAKER, CARROLL BOBO, D/B/A UNITED COUNTRY BOBO REALTY, AND MOLLY BOBO D/B/A UNITED COUNTRY BOBO REALTY and numbered, 51,959-B on the Civil Docket of said court CORBITT BAKER Defendant recovered a Judgment against FRANK KEATHLEY AND MELISSA KEATHLEY Plaintiff, *Attorneys' fees in the amount of $70,000.00 for services rendered through the trial of this case; and that the total amount of the judgment here rendered will bear interest at the rate of 5% percent from the date of judgment, until paid; costs of court in the amount of $371.64.*

Now, THEREFORE, you are hereby commanded that of the goods and chattels, lands and tenements of the said FRANK KEATHLEY AND MELISSA KEATHLEY @ 24956 Country Club Rd., Gladewater, TX 75647 Defendant, you cause to be made the said sum of *Attorneys' fees in the amount of $70,000.00 for services rendered through the trial of this case; and that the total amount of the judgment here rendered will bear interest at the rate of 5% percent from the date of judgment, until paid; costs of court in the amount of $371.64* together with your legal fees, and commission for collecting the same. *Said Judgment is entitled to a credit in the amount of $2,000.00 recovered by the Smith County Sheriff and received January 26, 2009.* You will promptly execute this writ according to the terms hereof.

HEREIN FAIL NOT, and have you this writ showing how you have executed the same, together with said moneys collected as herein directed before the above Court at the courthouse thereof in TYLER, SMITH COUNTY, TEXAS within 30 days from the date of the issuance of this writ.

Issued and given under my hand and seal of said court in SMITH COUNTY TEXAS, on the 30th day of March, 2011

KAREN PHILLIPS, COUNTY CLERK
SMITH COUNTY, TEXAS

By: Meagan Stegall, Deputy

Issued at the request of:
Drew Knowles
209 E. Main St.
Nacogdoches, TX 75963

57

**APPENDIX ITEM NO. 3**

FRANK KEATHLEY AND MELISSA KEATHLEY

vs.

CORBITT BAKER, CARROLL BOBO, D/B/A UNITED COUNTRY BOBO REALTY, AND
MOLLY BOBO D/B/A UNITED COUNTRY BOBO REALTY

BILL OF COSTS

| | | |
|---|---|---|
| Clerk's fees | $ | 50.00 |
| Library fee | $ | 35.00 |
| Court reporter fee | $ | 15.00 |
| Judicial fee | $ | 40.00 |
| Bailiff fee | $ | 6.00 |
| Security fee | $ | 5.00 |
| Record Management fee | $ | 5.00 |
| Indigent fee | $ | 10.00 |
| Sheriff or service fee | $ | 250.00 |
| Support of Judiciary fee | | 37.00 |
| Other fees | $ | 623.00 |
| Total fees | $ | 1,076.00 |

I Certify that the above and foregoing Bill of Costs, amounting to $ 1,076.00, is a true bill of the costs adjudged against the defendant in the above numbered and entitled cause, wherein this writ of execution is issued.

ATTEST:
JUDY CARNES, COUNTY CLERK
SMITH COUNTY, TEXAS



BY: _Meagan Stegall_

Meagan Stegall, Deputy

38

**OFFICER'S RETURN**

Came to hand the **30th** day of **March**, A.D., 20**11**, at **12:09** o'clock **p**. m. and executed on the **30th** day of **March**, A.D., 20**11**, at **12** : **09** o'clock **p**.m., at **F.C. District Clerks Office**, Texas, by levying upon and seizing the following described property as property of the defendant, and situated in **Franklin**, Texas, as commanded in this writ **LuAlice Butler - Deputy Clerk Monies in Registry of Court**

WITNESS MY HAND this **30th** day of **March**, 20**11**.

Fees:

Serving Writ  $ **125.00**

Other  $_____

Total  $_____

**Sandy Snea**

_____**Constable**_____ ~~Sheriff~~

_____**Franklin**_____ County, Texas

By: _____

Deputy

# CLARDY DAVIS & KNOWLES, LLP



TRAVIS P. CLARDY
JEFFERSON B. DAVIS
DREW A. KNOWLES
JERRY W. BAKER
BRYAN HOLT DAVIS
OF COUNSEL

### 209 E. MAIN STREET
### P.O. BOX 635426
### NACOGDOCHES, TEXAS 75961

Ph: 936.564.2500
Fax: 936.564.2507
www.clardy-law.com
Lufkin Office:
108 E. Lufkin Avenue
Lufkin, Texas 75901
drew@clardy-law.com

March 30, 2011

Constable Randle Green
Franklin County Constable
208 Texas Highway 37, South
Mt. Vernon, TX 75457

Re: Debtor in Execution: Frank Keathley
   Frank Keathley, et al v. Corbitt Baker, et al
   Cause No. 51,959-B
   County Court at Law, Number 3, Smith County, Texas

Dear Constable Green,

Enclosed is a writ of execution in the referenced cause.

Please endorse the writ with the hour and date you received it and try to obtain from Franklin County District Clerk Ellen Jaggers payment of any funds in her control for the benefit of Frank Keathley up to the total judgment, interest, court costs, and your costs.

Our investigation indicates Frank Keathley has on deposit in the registry of the 8th Judicial District Court in Franklin County approximately $41,763.50 associated with Cause No. 10,072 (a matter styled *J.J. Investment Company, LTD v. Frank Keathley*) which amount may be released in the near future. Those funds will be a partial payment of the amount due to my client for Keathley's judgment, interest and your costs. Please ask Ms. Jaggers to make the District Clerk's check payable to "Corbitt Baker".

We are not aware of any other Franklin County property of the debtor on which to levy at this time. But, for your information, Keathley's last known address is 24956 Country Club Rd., Gladewater, Texas, 75647.

Please feel free to contact me by phone, fax or Email at the contact information shown above

40

if you should have any questions or wish to discuss this matter further. If a problem arises, or if you need additional information, please let me know.

Please do not give Frank Keathley or Melissa Keathley notice of your intent to levy. I don't expect that you will have any contact with the debtors. However, if you should, please do not negotiate a payment agreement. If the debtors wish to make payment arrangements, have them contact me immediately. Please let me know the date and time of the intended levy so that I can be available to respond to any questions regarding the levy.

My check for your fee is enclosed. Please mail your completed return to me. For your convenience I am enclosing an addressed, stamped envelope, and I will appreciate hearing from you.

Thank you for your immediate attention to this matter.

Sincerely,

Drew A. Knowles

cc:    Ms. Ellen Jaggers, Franklin County District Clerk

       Corbitt Baker

Enclosures

CAUSE NO. 51,959-B

| | | |
|---|---|---|
| FRANK KEATHLEY and | § | COUNTY COURT AT LAW |
| MELISSA KEATHLEY, | § | |
| Plaintiffs | § | |
| | § | |
| VS. | § | NO. 3 |
| | § | |
| CORBITT BAKER, CARROLL BOBO | § | |
| d/b/a UNITED COUNTRY BOBO | § | |
| REALTY, and MOLLIE BOBO d/b/a | § | |
| UNITED COUNTRY BOBO REALTY, | § | |
| Defendants | § | SMITH COUNTY, TEXAS |

## FINAL JUDGMENT

On February 16, 2011, this cause came on to be heard and Frank Keathley and Melissa Keathley, Plaintiffs, appeared in person and by attorney of record and announced ready for trial and Corbitt Baker, Carroll Bobo d/b/a United Country Bobo Realty and Mollie Bobo d/b/a United Country Bobo Realty, Defendants, appeared in person and by attorney of record and announced ready for trial, and a jury having been previously demanded, a jury consisting of six qualified jurors was duly impaneled and the case proceeded to trial.

At the conclusion of the evidence, the court entered a directed verdict on behalf of Defendants Corbitt Baker, Carroll Bobo d/b/a United Country Bobo Realty and Mollie Bobo d/b/a United Country Bobo Realty and against Plaintiffs Frank Keathley and Melissa Keathley for Plaintiffs' claims of common law fraud and statutory fraud. The court then submitted the remaining questions of fact to the jury. The charge of the court and the verdict of the jury are incorporated for all purposes by reference.

The court hereby RENDERS judgment for the Plaintiffs against Defendant Corbitt Baker.

IT IS THEREFORE ORDERED by the court that Plaintiffs Frank Keathley and Melissa Keathly should recover from Defendant Corbitt Baker the sum of $2,000.00, prejudgment interest in the amount of $680.00, attorney's fees in the amount of $37,240.00 for services rendered through the trial of this case. It is further ordered by the Court that Defendant Corbitt Baker will receive a credit against this judgment for any earnest money paid to Plaintiffs by Landmark Title Inc. In the event of an appeal by Defendant Corbitt Baker to the court of appeals, if the appeal is unsuccessful, Defendant Plaintiffs will be further entitled to an amount of $7,000.00 as a reasonable attorney's fee. In the event of an appeal by Defendant Corbitt Baker to the Supreme Court of Texas, if the appeal is unsuccessful, Plaintiffs will be entitled to an additional amount of $10,000.00 as a reasonable attorney's fee.

IT IS FURTHER ORDERED that the total amount of the judgment here rendered will bear interest at the rate of 5% percent from the date of judgment until paid.

All costs of court spent or incurred by Plaintiffs in the trial of this cause and the costs of court allowed to Plaintiff in the prior judgment of the 12th Court of Appeals are adjudged against Defendant Corbitt Baker.

51

**APPENDIX ITEM NO. 4**

The costs of court allowed to Defendant Corbitt Baker in the prior judgment of the 12th Court of Appeals are adjudged against Plaintiff.

All writs and processes for the enforcement and collection of this judgment or the costs of court may issue as necessary.

All relief requested in this case and not expressly granted is denied. This judgment finally disposes of all parties and claims and is appealable.

SIGNED on this _____ day of ___APR 1 2 2011___, 2011.

 

 

JUDGE PRESIDING

2

CAUSE NO. 51,959-B

| | |
|---|---|
| FRANK KEATHLEY and MELISSA KEATHLEY, Plaintiffs | § § § § |
| VS. | § § NO. 3 |
| CORBITT BAKER, CARROLL BOBO d/b/a UNITED COUNTRY BOBO REALTY, and MOLLIE BOBO d/b/a UNITED COUNTRY BOBO REALTY, Defendants | § § § § § § SMITH COUNTY, TEXAS |

## FINAL JUDGMENT

On February 16, 2011, this cause came on to be heard and Frank Keathley and Melissa Keathley, Plaintiffs, appeared in person and by attorney of record and announced ready for trial and Corbitt Baker, Carroll Bobo d/b/a United Country Bobo Realty and Mollie Bobo d/b/a United Country Bobo Realty, Defendants, appeared in person and by attorney of record and announced ready for trial, and a jury having been previously demanded, a jury consisting of six qualified jurors was duly impaneled and the case proceeded to trial.

At the conclusion of the evidence, the court entered a directed verdict on behalf of Defendants Corbitt Baker, Carroll Bobo d/b/a United Country Bobo Realty and Mollie Bobo d/b/a United Country Bobo Realty and against Plaintiffs Frank Keathley and Melissa Keathley for Plaintiffs' claims of common law fraud and statutory fraud. The court then submitted the remaining questions of fact to the jury. The charge of the court and the verdict of the jury are incorporated for all purposes by reference.

The court hereby RENDERS judgment for the Plaintiffs against Defendant Corbitt Baker.

IT IS THEREFORE ORDERED by the court that Plaintiffs Frank Keathley and Melissa Keathly should recover from Defendant Corbitt Baker the sum of $2,000.00, prejudgment interest in the amount of $680.00, attorney's fees in the amount of $37,240.00 for services rendered through the trial of this case. It is further ordered by the Court that Defendant Corbitt Baker will receive a credit against this judgment for any earnest money paid to Plaintiffs by Landmark Title Inc. In the event of an appeal by Defendant Corbitt Baker to the court of appeals, if the appeal is unsuccessful, Defendant Plaintiffs will be further entitled to an amount of $7,000.00 as a reasonable attorney's fee. In the event of an appeal by Defendant Corbitt Baker to the Supreme Court of Texas, if the appeal is unsuccessful, Plaintiffs will be entitled to an additional amount of $10,000.00 as a reasonable attorney's fee.

IT IS FURTHER ORDERED that the total amount of the judgment here rendered will bear interest at the rate of 5% percent from the date of judgment until paid.

All costs of court spent or incurred by Plaintiffs in the trial of this cause and the costs of court allowed to Plaintiff in the prior judgment of the 12th Court of Appeals are adjudged against Defendant Corbitt Baker.

The costs of court allowed to Defendant Corbitt Baker in the prior judgment of the 12th Court of Appeals are adjudged against Plaintiff.

All writs and processes for the enforcement and collection of this judgment or the costs of court may issue as necessary.

All relief requested in this case and not expressly granted is denied. This judgment finally disposes of all parties and claims and is appealable.

SIGNED on this ___ day of __APR 1 2 2011__, 2011.

_____
JUDGE PRESIDING

2

 TRUE AND CORRECT COPY OF ORIGINAL FILED IN SMITH COUNTY CLERK'S OFFICE

## RALPH E. ALLEN
### ATTORNEY AND COUNSELLOR AT LAW
100 EAST FERGUSON, SUITE 901
TYLER, TEXAS 75702

BOARD CERTIFIED COMMERCIAL
AND RESIDENTIAL REAL ESTATE
TEXAS BOARD OF LEGAL SPECIALIZATION

TELEPHONE  (903) 593-9727
FACSIMILE  (903) 531-2566

## TELECOPY REQUEST

TO:        Ellen Jaggers, District Clerk, Franklin County, Facsimile # 903/537-8338

FROM:      Ralph Allen, Facsimile # (903) 531-2566

DATE:      April 13, 2011

No. of Pages (Including this page):    3

### COMMENTS:
See the attached copy of the Judgment entered yesterday in Smith County, Texas.

THE PAGES COMPRISING THIS FACSIMILE TRANSMISSION CONTAIN CONFIDENTIAL INFORMATION FROM RALPH E. ALLEN. THIS INFORMATION IS INTENDED SOLELY FOR USE BY THE INDIVIDUAL ENTITY NAMED AS THE RECIPIENT HEREOF. IF YOU ARE NOT THE INTENDED RECIPIENT, BE AWARE THAT ANY DISCLOSURE, COPYING, DISTRIBUTION, OR USE OF THE CONTENTS OF THIS TRANSMISSION IS PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE NOTIFY US BY TELEPHONE IMMEDIATELY SO WE MAY ARRANGE TO RETRIEVE THIS TRANSMISSION AT NO COST TO YOU.
"Cop. 2011, Ralph E. Allen"

IF TRANSMISSION IS ILLEGIBLE OR NOT RECEIVED PROPERLY, PLEASE IMMEDIATELY TELEPHONE (903) 593-9727 AND ASK FOR BOBBI OR DENICE.

CLIENT/MATTER: Keathley

# HP LaserJet *M1522nf MFP*

# Fax Confirmation Report

HP LASERJET FAX

Apr-13-2011   3:18PM

| Job | Date | Time | Type | Identification | Duration | Pages | Result |
|-----|------|------|------|----------------|----------|-------|--------|
| 3300 | 4/13/2011 | 3:16:54PM | Send | 99033421088 | 1:20 | 3 | OK |



FILED FOR RECORD

2011 APR 14 AM 8:40

ELLEN JAGGERS
DISTRICT CLERK
FRANKLIN COUNTY, TEXAS

BY:_____

CAUSE NO. 10,072

J.J. INVESTMENT COMPANY, L.T.D.,
PLAINTIFF

VS.

FRANK KEATHLEY, INDIVIDUALLY
AND DBA TOP SHELF ANTIQUES,
DEFENDANT

IN THE DISTRICT COURT

OF

FRANKLIN COUNTY, TEXAS

62ND JUDICIAL DISTRICT

ORDER GRANTING TEMPORARY RESTRAINING ORDER

The Application for Equitable Relief and Declaratory Judgment filed by Frank

Keathley, applicant and formerly defendant/counterplaintiff in this cause, came on

regularly for hearing this day, due notice having been given. Applicant appeared by

his counsel of record. On considering the evidence received and the argument of

counsel, the Court finds ~~and concludes that Applicant will probably prevail on the~~

~~trial of this cause~~; that Constable Randle Green, respondent, intends to levy against

$40,000 held in the Registry of the Clerk of this Court that has been ordered by this

Court to be paid to Frank Keathley under Order for Distribution of Funds and make a

return of such execution and funds to Corbitt Baker and that District Clerk Ellen

Jaggers, respondent, intends to make a distribution of the $40,000 in funds held in her

Registry to Corbitt Baker under levy of the Writ of Execution and has refused to

make the delivery of such funds as required by the Order for Distribution of Funds

signed by this Court as soon as possible and before the Court can render judgment in

this cause; that if Constable Randle Green and District Clerk Ellen Jaggers carry out

that intention, they will thereby alter the status quo and tend to make ineffectual the

Order for Distribution of Funds signed by this Court as a part of the compromise and

settlement agreement on which the Court's judgment and Order of Dismissal was

Order for Temporary Restraining Order

1

64

**APPENDIX ITEM NO. 5**

made and that unless Respondents are deterred from carrying out that intention, Frank

Keathley will be without any adequate remedy at law since he has also filed his

application for declaratory judgment seeking determination of the validity and

legality of the levy and the nature of the property made the subject of the levy which

will be determinative of the proper, lawful action required to be taken by Respondents

in compliance with the Orders of this Court and the laws of this State relating to levy

under a writ of execution.

IT IS, THEREFORE, ORDERED that Constable Randle Green, respondent, is

commanded forthwith to desist and refrain from _Execution_ for a period

not to exceed ~~fourteen~~ *Twenty* days or until hearing on the temporary injunction unless

extended by agreement of the parties or order of the court.

IT IS FURTHER ORDERED that hearing on issuance of temporary injunction

is set for the _2_ day of _May_, 2011 at _2:00_ o'clock _P_.m.

This order shall not be effective unless and until Frank Keathley executes and

files with the clerk a bond, in conformity with the law, in the principal amount of

_Five Hundred & no/100_ dollars ($ _500.00_).

The clerk shall forthwith, on the filing by Frank Keathley of the bond, and on

approving the bond according to the law, issue a temporary restraining order in

conformity with the law and the terms of this order to be in full force and effect for a

period not to exceed ~~fourteen~~ *20 days* or until hearing on the temporary injunction,

unless extended by agreement of the parties or order of the court.

Signed this _13_ day of April, 2011.

DISTRICT JUDGE

CAUSE NO. 10,072

J.J. INVESTMENT COMPANY, L.T.D.,     IN THE DISTRICT COURT
PLAINTIFF

VS.     OF

FRANK KEATHLEY, INDIVIDUALLY     FRANKLIN COUNTY, TEXAS
AND DBA TOP SHELF ANTIQUES,
DEFENDANT     62ND JUDICIAL DISTRICT

ORDER GRANTING TEMPORARY INJUNCTION

On the 12th day of May, 2011, came on to be heard the application of Frank Keathley for injunctive relief and for issuance of a temporary injunction extending the temporary restraining order originally issued by the Court on April 13, 2011 and extended by agreement of the parties on May 2, 2011. All interested parties appeared by counsel. The Court, upon being presented with notice of issuance of a writ of supersedeas and posting of supersedeas bond in the underlying lawsuit from which the writ of execution involved in this case was issued, finds that the temporary restraining order should be extended as a temporary injunction and the funds on deposit in the registry of the Clerk of this Court should remain and that the levy against such funds under the writ of execution should be enjoined, pending further order of the Court.

IT IS THEREFORE, ORDERED AND DECREED that the temporary restraining order shall be and is extended as a temporary injunction and Constable Randle Green is commanded to forthwith desist and refrain from execution under the writ of execution issued from the County Court at Law, No. 3 of Smith County, Texas in Cause No. 51,959-B, styled "Frank Keathley, et ux v. Corbitt Baker, et al" and District Clerk Ellen Jaggers is commanded to forthwith desist and refrain from distributing the funds held in

ORDER GRANTING TEMPORARY INJUNCTION     1

**APPENDIX ITEM NO. 6**

ber registry in this cause as previously ordered on March 25, 2011 by Agreed Order to Distribute Fund pending further order of this Court.

IT IS FURTHER ORDERED AND DECREED that the $500.00 bond posted by Frank Keathley shall continue as the bond for temporary injunction.

IT IS FINALLY ORDERED AND DECREED that the Clerk of the Court shall issued a temporary injunction restraining and enjoining Constable Randle Green and District Clerk Ellen Jaggers in accordance with this Order to be effective as of May 12, 2011, and to remain in force and effect pending further order of this Court.

Signed effective as of May 12, 2011.

SCOTT MCDOWELL
DISTRICT JUDGE

ORDER GRANTING TEMPORARY INJUNCTION

2

02/27/2013 16:63 9? 121808  LARRY R WRI  FILED FOR RECORD 83/85

2013 MAR 18 PM 1:01

ELLEN JAGGERS
DISTRICT CLERK
FRANKLIN COUNTY, TEXAS

CAUSE NO. 10,072

| | |
|---|---|
| J.J. INVESTMENT COMPANY, L.T.D., PLAINTIFF | IN THE DISTRICT COURT |
| VS. | OF |
| | FRANKLIN COUNTY, TEXAS |
| FRANK KEATHLEY, INDIVIDUALLY AND DBA TOP SHELF ANTIQUES, DEFENDANT | 62ND JUDICIAL DISTRICT |

### AGREED ORDER ON MOTION FOR RELEASE OF REGISTRY FUNDS ORDERED PAID TO LARRY R. WRIGHT

On the date shown below, came on to be considered the agreed order on motion for release of registry funds ordered paid to Larry R. Wright and the Court, upon finding the order was agreed by all parties, finds that such order should be granted and the temporary injunction should be modified to permit the District Clerk to distribute the sum of $845.00 to Larry R. Wright from the funds held in the clerk's registry as ordered by the Court on March 25, 2011. All remaining provisions of the injunction as to all other funds shall remain unchanged, pending further action by this Court.

IT IS THEREFORE, ORDERED AND DECREED that the temporary injunction previously issued by this Court is modified to permit Ellen Jaggers, District Clerk to comply with the Order to Distribute Funds signed on March 25, 2011 by distributing the sum of $845.00 from the Clerk's Registry to Larry R. Wright. The temporary injunction, in all other respects and as to all registry funds shall remain unchanged, pending further orders of this Court.

IT IS FURTHER ORDERED AND DECREED that the writ of execution and levy by Constable Randle Green remains enjoined as to the $845.00 ordered paid to Larry

Agreed Order for Release of Registry Funds Ordered Paid to Larry R. Wright                    1

67

**APPENDIX ITEM NO. 7**

03/13/2013 TUE 9:59 FAX 903 537 8338 Franklin Co. Dist. Clerk --- 62nd Dist Judge Mar ☒003/007

02/27/2013 18:33 58° 71899                    LARRY R WRIG                          PAGE 04/05

B. Wright and remains enjoined as to the remaining registry funds held by Ellen Jaggers, District Clerk pending further order of this Court.

IT IS FINALLY ORDERED AND DECREED that Ellen Jaggers, District Clerk, shall distribute the sum of $845.00 to Larry R. Wright from the Clerk's Registry as originally ordered on March 25, 2011. The temporary injunction shall remain unchanged in all other respects as to the balance of registry funds, pending further order of this Court.

Signed this 4th Day of _March_, 2013.

_____
DISTRICT JUDGE

DREW A KNOWLES ATTORNEY AT LAW
02/27/2013  10:05      817   21800

Agreed to and approved this _____ day of _____, 2013.

_____
Larry A. Blount
Attorney for plaintiffs

Agreed to and approved this _____ day of _____, 2013.

_____
Gene Stamp
Attorney for Constable and
for District Clerk

Agreed to and approved this 27th day of February, 2013.

_____
Drew A. Knowles
Attorney for Corbitt Baker,
Interested party

Agreed to and approved this 27th day of February, 2013.

_____
Larry R. Wright
Attorney for Frank Keathley

Agreed to and approved this _____ day of _____, 2013.

Larry A. Blount
Attorney for plaintiffs

Agreed to and approved this _____ day of _____, 2013.

_____
Gene Stump
Attorney for Constable and
for District Clerk

Agreed to and approved this _____ day of _____, 2013.

_____
Drew A. Knowles
Attorney for Corbitt Baker,
Interested party

Agreed to and approved this 27th day of February, 2013.

_____
Larry R. Wright
Attorney for Frank Keathley

Agreed Order for Release of Registry Funds Ordered Paid to Larry R. Wright                    3

Agreed to and approved this _____ day of _____, 2013.

                                                   _____
                                                   Larry A. Blount
                                                   Attorney for plaintiffs

Agreed to and approved this __11__ day of __March__, 2013.

                                                   _____
                                                 Gene Stump
                                                 Attorney for Constables and
                                                 for District Clerk

Agreed to and approved this _____ day of _____, 2013.

                                                   _____
                                                 Drew A. Knowles
                                                 Attorney for Corbitt Baker,
                                                 Interested party

Agreed to and approved this __27th__ day of __February__, 2013.

                                                   _____
                                                 Larry R. Wright
                                                 Attorney for Frank Keathley

FILED FOR RECORD

2014 FEB 28 AM 10: 28

ELLEN JAGGERS
DISTRICT CLERK
FRANKLIN COUNTY. TEXAS

BY_____

LARRY R. WRIGHT
Attorney At Law
P.O. Box 144
406 South Main Street
Winnsboro, Texas 75494
Telephone 903-342-1089
Fax 903 342-1088

March 16, 2011

Mr. Frank Keathley
Gladewater, Texas

Hand delivered

Re:    J & J Investments v. Frank Keathley
       Franklin County, Texas

       Frank Keathley v. J & J Investments
       Gregg County, Texas

Dear Mr. Keathley:

This letter will confirm our agreement reached following the mediated settlement reach today in which both of the above cases were resolved. Under the settlement, you will be paid $40,000 from the funds held in the registry of the Clerk of the Court in Franklin County. This payment will involved the agreed dismissal of both of the above named lawsuits.

Under our existing fee arrangement, I was to be paid one-third of any recovery in each of the cases. In order to facilitate the settlement, we have agreed to a fixed fee of $10,000 for both cases. The $10,000 is to be paid from the $40,000 held in the registry.

In consideration for me agreeing to reduce the fee, you agree to assign me an interest in the $40,000 held in the registry of the Court, to be paid to me upon your receipt from the Clerk.

If this correctly reflects your understanding of our agreement, please sign your consent in the space provided below.

Larry R. Wright

Agreed to and approved this March 16, 2011.

Frank Keathley

**APPENDIX ITEM NO. 8**

CAUSE NO. 10,072

J.J. INVESTMENT COMPANY, L.T.D.,       IN THE DISTRICT COURT
PLAINTIFF

VS.                           OF

FRANK KEATHLEY, INDIVIDUALLY      FRANKLIN COUNTY, TEXAS
AND DBA TOP SHELF ANTIQUES,
DEFENDANT                    62ND JUDICIAL DISTRICT

### DESIGNATION OF EXEMPT PROPERTY BY FRANK KEATHLEY AND MELISSA KEATHLEY

Pursuant to the provisions of the Texas Property Code, Frank Keathley and wife, Melissa Keathley, ("Keathleys") make this designation of their property exempt from execution and collection as follows:

1.      Real Property

As provided by Texas Constitution, Art. 16, Sec. 50 and Section 41.001(a) of the Texas Property Code, Keathleys have previously designated their rural residence as their homestead with the Upshur County Tax Appraiser and do hereby confirm such designation by declaring their rural residence located at 6688 FM 1649, Gilmer, Upshur County, Texas 75645 as their residence homestead. The Keathleys' homestead consists of a residence and improvements all situated on a parcel of real property that is not within the city limits of an incorporated city and does not exceed 200 acres. The residence and property occupied by the Keathleys as their homestead complies with all the requirements to qualify as a homestead as defined by Section 41.002(b)(1) Tex. Prop. Code and is exempt under the Texas Constitution, Art. 16, Sec. 50 and Section 41.001(a) and 41.002(b)(1) Tex. Prop. Code. A copy of their deed and a plat are attached hereto.

Keathleys designation of exempt property            1

**APPENDIX ITEM NO. 9**

2. <u>Personal Property</u>

As required by Section 42.003 Tex. Prop. Code, the Keathleys make their designation of personal property exempt from execution under Sec. 42.001(a) and Sec. 42.002, Tex. Prop. Code, as follows:

Personal property:

Personal property with a fair market value of less than $60,000, including items described by categories under Sec. 42.002(a), including:

| | | |
|---|---|---|
| 1. TPC 42.002(a)(1) | home furnishings and family heirlooms | |
| 2. TPC 42.002(a)(2) | provisions for consumption | |
| 3. TPC 42.002(a)(3) | farming/ranching vehicles and implements | |
| 4. TPC 42.002(a)(5) | wearing apparel | |
| 5. TPC 42.002(a)(6) | jewelry with a value of less than $15,000 | |
| 6. TPC 42.002(a)(7) | two firearms | |
| 7. TPC 42.002.(a)(8) | athletic and sporting equipment, including bicycles | |
| 8. TPC 42.002(a)(9) | Two vehicles, including a pickup and a car | |
| 9. TPC 42.002(a)(10) | livestock and pets, saddles and tack | |

| | | |
|---|---|---|
| Total Fair Market Value | | $45,000.00 |
| 10. TPC 42.001(d) | unpaid commissions | $15,000.00 |
| TOTAL FAMILY EXEMPTION | | $60,000.00 |

3. <u>Specific Personal Property</u>

Pursuant to Sec. 42.001(b) Tex. Prop. Code, the Keathleys designate as exempt, the following items:

1. Current wages, including disability payments covered by TPC 42.001(b)(1).

2. Professionally prescribed health aids (TPC 42.001(b)(2). Frank Keathley has been blinded in one eye and is disabled. Melissa Keathley has been diagnosed with a rare and frequently terminal nerve and sleep disorder and is disabled.

3. The family Bible (TPC 42.001(b)(4).

Keathleys designation of exempt property        2

4. Unpaid commissions for personal services, $15,000.00 of which has been included in the Family Exemption as shown in Item 2, Personal Property, above. The total commissions were $40,000 now held in the registry of the Court. A total of $12,000.00 of the $40,000.00 was assigned to the attorneys involved in recovering the commissions, including $2,000.00 assigned to The Honorable Robert Gammage, Deceased and $10,000.00 to Larry R. Wright. Of the net $13,000.00 remaining after deducting the $15,000.00 exempt under Sec. 42.001(d) and the $12,000.00 assigned interest, the Keathleys have incurred attorneys fees in excess of $15,000.00 in connection with protecting their rights to such funds as shown by the Clerk's file in this case. Therefore, the Keathleys declare that all of the commissions are exempt from execution since the additional attorneys fees have been incurred as a cost of obtaining the commissions.

5. Under Sec. 42.0021 Tex. Prop. Code, the following items are designated as exempt:

| | | |
|---|---|---|
| Life Insurance (cash value) | 16,000 | Savings plan exemption TPC 42.0021 |
| Retirement Funds (IRA/401k) | 98,050 | Savings plan exemption TPC 42.0021 |

Respectfully submitted this 14th day of March, 2014.

Larry R. Wright
State Bar No. 22048000
P.O. Box 144
406 South Main Street
Winnsboro, TX 75494
Telephone 903-342-1089
Fax 903-342-1088
Attorney for Defendant

Keathleys designation of exempt property 3

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been served on Larry Blount, by telecopier transmission to 903-885-6506, Gene Stump by telecopier transmission to telecopier number 903-588-2272 and Travis P. Clardy by telecopier transmission to telecopier number 936-564-2507 this 14th day of March, 2014.

Larry R. Wright

Keathleys designation of exempt property

4

MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

## WARRANTY DEED WITH VENDOR'S LIEN

**Date:** December 19, 2012

**Grantor:** COLETTE WATTELET, a single person

**Grantor's Mailing Address:** 1315 Jackson Avenue, Nederland, Texas 77627

**Grantee:** FRANK KEATHLEY and MELISSA KEATHLEY, husband and wife

**Grantee's Mailing Address:** 6688 FM 1649, Gilmer, Texas 75645

**Consideration:**

Cash and a note of even date executed by Grantee and payable to the order of Grantor in the principal amount of SIXTY THOUSAND AND NO/100 DOLLARS ($60,000.00). The note is secured by a first and superior vendor's lien and superior title retained in this deed and by a first-lien deed of trust of even date from Grantee to PEGGY S. GARMON, trustee.

**Property (including any improvements):**

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF FOR ALL PURPOSES.

**Reservations from Conveyance:** None

**Exceptions to Conveyance and Warranty:**

Liens described as part of the Consideration and any other liens described in this deed as being either assumed or subject to which title is taken; validly existing easements, rights-of-way, and prescriptive rights, whether of record or not; all presently recorded and validly existing instruments, other than conveyances of the surface fee estate, that affect the Property; and taxes for 2012, which Grantee assumes and agrees to pay, and subsequent assessments for that and prior years due to change in land usage, ownership, or both, the payment of which Grantee assumes.

Grantor, for the Consideration and subject to the Reservations from Conveyance and the Exceptions to Conveyance and Warranty, grants, sells, and conveys to Grantee the Property, together with all and singular the rights and appurtenances thereto in any way belonging, to have and to hold it to Grantee and Grantee's heirs, successors, and assigns forever. Grantor binds Grantor and Grantor's heirs and successors to warrant and forever defend all and singular the Property to Grantee and Grantee's heirs, successors, and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the Reservations from Conveyance and the Exceptions to Conveyance and Warranty.

The vendor's lien against and superior title to the Property are retained until each note

WARRANTY DEED WITH VENDOR'S LIEN - PAGE 1

274

described is fully paid according to its terms, at which time this deed will become absolute.

GRANTEE IS TAKING THE PROPERTY IN AN ARM'S-LENGTH AGREEMENT BETWEEN THE PARTIES. THE CONSIDERATION WAS BARGAINED ON THE BASIS OF AN "AS IS, WHERE IS" TRANSACTION AND REFLECTS THE AGREEMENT OF THE PARTIES THAT THERE ARE NO REPRESENTATIONS OR EXPRESS OR IMPLIED WARRANTIES, EXCEPT FOR THOSE CONTAINED IN THE PURCHASE CONTRACT, THIS DEED, AND THE OTHER CLOSING DOCUMENTS. GRANTEE HAS NOT RELIED ON ANY INFORMATION OTHER THAN GRANTEE'S INSPECTION AND THE REPRESENTATIONS AND WARRANTIES EXPRESSLY CONTAINED IN THE PURCHASE CONTRACT, THIS DEED, AND THE OTHER CLOSING DOCUMENTS.

When the context requires, singular nouns and pronouns include the plural.

_____
COLETTE WATTELET

**STATE OF TEXAS**                    )

**COUNTY OF UPSHUR**                )

This instrument was acknowledged before me on December 19, 2012, by COLETTE WATTELET.

_____
Notary Public, State of Texas
My commission expires: February 18, 2013

PREPARED IN THE OFFICE OF:

PEGGY S GARMON
212 N. Titus Street
P. O. Box 1412
Gilmer, TX 75644
Tel: (903) 843-2645
Fax: (903) 843-5656

AFTER RECORDING RETURN TO:

FRANK KEATHLEY
688 FM 1649, Gilmer, Texas 75645

WARRANTY DEED WITH VENDOR'S LIEN - PAGE 2



EXHIBIT

"A"

BEING a 7.000 acre tract of land situated in the Sarah Powell Survey, Abstract No. 388, Upshur County, Texas, and being part of a called 13.05 acre tract of land described in a deed to William Todd Barton and wife Tammy L. Barton filed June 21, 1994, Official Records of said county, said 7.000 acre tract being more particularly described as follows:

BEGINNING at a disturbed 5/8 inch iron rod found and re-set at the Northwest corner of said 13.05 acre tract, same being the Northeast corner of a called 10.04 acre tract of land described in Volume 248, Page 389, Deed Records and said corner being in the South right of way line of Farm Road No. 1649;

THENCE in an Easterly direction along the South right of way line of Farm Road No. 1649, same being along a curve to the right, said curve having a central angle of 02deg09min19sec, a radius of 5689.58 feet, a long chord bearing of S87deg12min33secE a long chord distance of 213.98 feet and along the arc of said curve a distance of 213.99 feet to a 1/2 inch iron rod found at a point of tangency;

THENCE S 86deg 08min 48sec E continuing along said South right of way line a distance of 302.35 feet to a bent 5/8 inch iron rod found at the Northeast corner of said 13.05 acre tract, said corner being at the intersection with the occupied West line of Ivy Road;

THENCE in a Southerly direction along the East line of said 13.05 acre tract and generally along the West side of Ivy Road, same being along and West of the West line of a called 10.04 acre tract of land described in Volume 467, Page 887, Deed Records as follows;

S 03deg 05min 44sec E (deed S03deg00min48secE 281.31 feet) a distance of 280.32 feet to a 1/2 inch iron rod found;

S 04deg 30min 09sec W (deed S04deg05min18secW 399.19) a distance of 299.27 feet to a disturbed 5/8 inch iron rod found and re-set for a corner;

THENCE N 87deg 39min 48sec W across said 13.05 acre tract a distance of 596.67 feet to a 1/2 inch iron rod set for a corner in the West line of said 13.05 acre tract, same being the East line of a called 10 acre tract of land described in Volume 248, Page 389, Deed Records, a 1/2 inch iron rod found at the Southwest corner of said 13.05 acre tract bears SOUTH a distance of 556.22 feet;

THENCE NORTH (deed NORTH 1145.62 feet) along said line (Bearing Base) and generally along a fence a distance of 589.40 feet to the Point of Beginning and containing 7.000 acres of land.

FILED AND RECORDED

OFFICIAL PUBLIC RECORDS

*Brandy Lee*

December 20, 2012  02:21:38 PM

FEE: $24.00

2012D0148

Brandy Lee County Clerk

Upshur County TEXAS



SARAH POWELL SURVEY
A-231
UPSHUR COUNTY, TEXAS

Survey Reviewed

By _____
Date _____ 11/8/12

277



**MICHAEL TURNER LAND SURVEYING, INC.**

109 HENDERSON STREET
GILMER, TEXAS 75644
903-843-2965

DESCRIPTION ~ 7.000 ACRES
SARAH POWELL SURVEY, A – 388
UPSHUR COUNTY, TEXAS

BEING a 7.000 acre tract of land situated in the Sarah Powell Survey, Abstract No. 388, Upshur County, Texas, and being part of a called 13.05 acre tract of land described in a deed to William Todd Barton and wife Tammy L. Barton filed June 21, 1994, Official Records of said county, said 7.000 acre tract being more particularly described as follows;

BEGINNING at a disturbed 5/8 inch iron rod found and re-set at the Northwest corner of said 13.05 acre tract, same being the Northeast corner of a called 10.04 acre tract of land described in Volume 248, Page 389, Deed Records and said corner being in the South right of way line of Farm Road No. 1649;

THENCE in an Easterly direction along the South right of way line of Farm Road No. 1649, same being along a curve to the right, said curve having a central angle of 02deg09min18sec, a radius of 5689.58 feet, a long chord bearing of S87deg12min33secE a long chord distance of 213.98 feet and along the arc of said curve a distance of 213.99 feet to a 1/2 inch iron rod found at a point of tangency;

THENCE S 86deg 02min 48sec E continuing along said South right of way line a distance of 302.35 feet to a bent 5/8 inch iron rod found at the Northeast corner of said 13.05 acre tract, said corner being at the intersection with the occupied West line of Ivy Road;

THENCE in a Southerly direction along the East line of said 13.05 acre tract and generally along the West side of Ivy Road, same being along and West of the West line of a called 10.04 acre tract of land described in Volume 467, Page 887, Deed Records as follows;

S 03deg 05min 44sec E (deed S03deg03min45secE 281.31 feet) a distance of 280.92 feet to a 1/2 inch iron rod found;

S 04deg 39min 09sec W (deed S04deg45min00secW 299.19) a distance of 299.27 feet to a disturbed 5/8 inch iron rod found and re-set for a corner;

THENCE N 87deg 39min 48sec W across said 13.05 acre tract a distance of 506.67 feet to a 1/2 inch iron rod set for a corner in the West line of said 13.05 acre tract, same being the East line of a called 10 acre tract of land described in Volume 248, Page 389, Deed Records, a 1/2 inch iron rod found at the Southwest corner of said 13.05 acre tract bears SOUTH a distance of 556.22 feet;

THENCE NORTH (deed NORTH 1145.62 feet) along said line (Bearing Base) and generally along a fence a distance of 589.40 feet to the Point of Beginning and containing 7.000 acres of land.

This description is to be used in conjunction with the plat of this survey for a more complete report.

I, MICHAEL L TURNER, DO HEREBY STATE THAT THIS DESCRIPTION WAS PREPARED FROM AN ACTUAL BOUNDARY SURVEY MADE ON THE GROUND BY ME IN JANUARY, 2008.

MICHAEL L. TURNER          R.P.L.S. No. 4606

UP-1008

278

AFFIDAVIT

STATE OF TEXAS

COUNTY OF GREGG

BEFORE ME the undersigned authority, on this day personally appeared Frank Keathley, who, after being by me first sworn, upon his oath, stated as follows:

1.      My name is Frank Keathley.  I above the age of eighteen years, of sound mind, have never been convicted of a felony and am legally competent to make this affidavit under oath.

2.      I am the same Frank Keathley who is a named party to this lawsuit and who is named as a judgment debtor in the writ of execution issued from Smith County Curt at Law, No. Three under a judgment held by Corbitt Baker and involved in the issues now pending before this Court.  As such, I have personal knowledge of the statements of fact contained herein and know them to be true and correct.

3.      With the assistance of legal counsel and my spouse, I have prepared, reviewed and approved the designation of exempt property, including homestead, to which this Affidavit is attached.  I have read the designation and know the statements of fact contained in it are true and correct.

Signed this 14th day of March, 2014.

_Frank Keathley_

FRANK KEATHLEY

SUBSCRIBED AND SWORN TO by Melissa Keathley this 14th day of March, 2014.

_April Laughlin_

Notary Public, State of Texas

Notary Seal
Notary Name/Address   April Laughlin / 1625 E BROADWAY
Notary Commission Expiration   July 23, 2016   GLADEWATER TX 75647

AFFIDAVIT

STATE OF TEXAS

COUNTY OF GREGG

BEFORE ME the undersigned authority, on this day personally appeared Melissa Keathley, who, after being by me first sworn, upon her oath, stated as follows:

1.  My name is Melissa Keathley. I above the age of eighteen years, of sound mind, have never been convicted of a felony and am legally competent to make this affidavit under oath.

2.  I am the wife of Frank Keathley who is a named party to this lawsuit. I am the same Melissa Keathley who is named as a judgment debtor in the writ of execution issued from Smith County Curt at Law, No. Three under a judgment held by Corbitt Baker and involved in the issues now pending before this Court. As such, I have personal knowledge of the statements of fact contained herein and know them to be true and correct.

3.  With the assistance of legal counsel and my spouse, I have prepared, reviewed and approved the designation of exempt property, including homestead, to which this Affidavit is attached. I have read the designation and know the statements of fact contained in it are true and correct.

Signed this 14th day of March, 2014.

_____
MELISSA KEATHLEY

SUBSCRIBED AND SWORN TO by Melissa Keathley this 14th day of March, 2014.

APRIL LAUGHLIN
MY COMMISSION EXPIRES
July 23, 2016

_____
Notary Public, State of Texas

Notary Seal
Notary Name/Address APRIL LAUGHLIN / 1625 E BROADWAY
Notary Commission Expiration JULY 23, 2016 GLADEWATER TX 75647

**********************
*** FAX TX REPORT ***
**********************

TRANSMISSION OK

JOB NO.                    1895
DESTINATION ADDRESS        9p9037372483
PSWD/SUBADDRESS
DESTINATION ID             62nd Dist Judge Biard
ST. TIME                   03/14 16:26
USAGE T                    02' 24
PGS.                       11
RESULT                     OK

FILED FOR RECORD

2014 MAR 14  PM 4: 27

ELLEN JAGGERS
DISTRICT CLERK
FRANKLIN COUNTY, TEXAS

BY_____

CAUSE NO. 10,072

J.J. INVESTMENT COMPANY, L.T.D.,        IN THE DISTRICT COURT
PLAINTIFF

VS.                                     OF

FRANK KEATHLEY, INDIVIDUALLY            FRANKLIN COUNTY, TEXAS
AND DBA TOP SHELF ANTIQUES,
DEFENDANT                               62ND JUDICIAL DISTRICT

DESIGNATION OF EXEMPT PROPERTY BY
FRANK KEATHLEY AND MELISSA KEATHLEY

Pursuant to the provisions of the Texas Property Code, Frank Keathley and wife, Melissa Keathley, ("Keathleys") make this designation of their property exempt from execution and collection as follows:

1.  Real Property

As provided by Texas Constitution, Art. 16, Sec. 50 and Section 41.001(a) of the Texas Property Code, Keathleys have previously designated their rural residence as their homestead with the Upshur County Tax Appraiser and do hereby confirm such designation by declaring their rural residence located at 6688 FM 1649, Gilmer, Upshur County, Texas 75645 as their residence homestead. The Keathleys' homestead consists of a residence and improvements all situated on a parcel of real property that is not within the city limits of an incorporated city and does not exceed 200 acres. The residence and property occupied by the Keathleys as their homestead complies with all the requirements to qualify as a homestead as defined by Section 41.002(b)(1) Tex. Prop. Code and is

281

FILED FOR RECORD

2014 MAR 14  PM 12: 55

ELLEN JAGGERS
DISTRICT CLERK
FRANKLIN COUNTY, TEXAS

by_____

# CLARDY LAW OFFICES



TRAVIS P. CLARDY
JERRY W. BAKER

## 209 E. MAIN STREET
## P.O. BOX 635426
## NACOGDOCHES, TEXAS  75963

936.564.2500
Fax 936.564.2507
www.clardy-law.com
travis@clardy-law.com

## FACSIMILE TRANSMISSION

| | |
|---|---|
| **DATE:**  March 14, 2014 | **TO:**  Larry Wright – (903) 342-1088<br>Gene Stump – (903) 588-2272<br>Larry Blount-(903) 885-1199<br>Ms. Ellen Jaggers-(903) 537-8338<br>District Clerk |
| **FROM:** Travis Clardy | **SENDER:**    Debra Hurst |

**RE:**    Cause No.: 10,072;  J.J. Investment Company, L.T.D. vs. Frank Keathley, Individually and d/b/a Stop Shelf Antiques

**INSTRUCTIONS/COMMENTS:**  Please find attached copy of correspondence, pleadings, proposed Order and email sent to Judge Biard regarding same.

**TO RECIPIENT:**
INFORMATION which is legally privileged.  The information is intended only for the use of the recipient named above.  If you have received this telecopy in error, please notify us IMMEDIATELY by telephone to arrange for return of the original documents to us and you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance upon the contents of this telecopied information is strictly prohibited.

**NUMBER OF PAGES, INCLUDING COVERSHEET:** 24

**ORIGINAL TO FOLLOW BY MAIL:** no

If the following fax you receive is incomplete or illegible, please call the sender listed above at (936) 564-2500.

283

FILED FOR RECORD

2014 MAR 14   PM 12: 55

ELLEN JAGGERS
DISTRICT CLERK
FRANKLIN COUNTY, TEXAS

BY_____

# Debra Hurst

| | |
|---|---|
| **From:** | Debra Hurst [debra@clardy-law.com] |
| **Sent:** | Friday, March 14, 2014 12:27 PM |
| **To:** | 'judgeblard@att.net' |
| **Cc:** | 'travis@clardy-law.com'; 'Jerry Baker' |
| **Subject:** | Cause No.: 10,072; J.J. Investment Company, LTD vs. Frank Keathley, et al. |
| **Attachments:** | 3.14.14.ltr to Judge Blard.pdf; 3.14.14.attachments to Judge Blard ltr.pdf; 3.6.14.Proposed Order.pdf |

Judge Blard please find attached letter from Travis Clardy with attachments referenced in the letter. I am also attaching another copy of the proposed Order.

Thank you,

Debra Hurst
Legal Assistant
Clardy Law Offices
209 E. Main Street
Nacogdoches, TX 75961
P: (936) 564-1900
F: (936) 564-2397
debra@clardy-law.com

CONFIDENTIALITY NOTICE: This e-mail transmission (and/or the attachments accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal. If you have received this transmission in error, please promptly notify the sender by reply e-mail, and then destroy all copies of the transmission.

1

283

FILED FOR RECORD

2014 MAR 25 PM 2: 25

ELLEN JAGGERS
DISTRICT CLERK
FRANKLIN COUNTY, TEXAS

CAUSE NO. 10,072

| | | |
|---|---|---|
| J.J. INVESTMENT COMPANY, LTD. **Plaintiff,** | § § § | IN THE DISTRICT COURT OF |
| VS. | § § | FRANKLIN COUNTY, TEXAS |
| FRANK KEATHLEY, INDIVIDUALLY AND DBA TOP SHELF ANTIQUES **Defendant.** | § § § § | 62ND JUDICIAL DISTRICT |

### ORDER ON FRANK KEATHLEY'S MOTION FOR SUMMARY JUDGMENT ON LEVY OF WRIT OF EXECUTION

On this day, the Court heard Frank Keathley's Motion for Summary Judgment on Levy of Writ of Execution. Upon hearing the motion and the response thereto, the Court is of the opinion that Motion for Summary Judgment and should in all things be DENIED;

IT IS THEREFORE ORDERED that Frank Keathley's Motion for Summary Judgment on Levy of Writ of Execution is hereby denied.

SIGNED on the 25 day of M____, 2014.

_____
JUDGE PRESIDING

504

**APPENDIX ITEM NO. 10**

FILED FOR RECORD

2014 MAR 25 PM 2:25

ELLEN JAGGERS
DISTRICT CLERK
FRANKLIN COUNTY, TEXAS

CAUSE NO. 10,072

J.J. INVESTMENT COMPANY, LTD. §          IN THE DISTRICT COURT OF
    Plaintiff,                  §
                                §
                                §
VS.                             §          FRANKLIN COUNTY, TEXAS
                                §
                                §
FRANK KEATHLEY, INDIVIDUALLY    §
AND DBA TOP SHELF ANTIQUES      §
    Defendant.                  §          62ND JUDICIAL DISTRICT

### ORDER ON CORBITT BAKER'S MOTION TO DISSOLVE TEMPORARY INJUNCTION, FRANK KEATHLEY'S MOTION TO MODIFY INJUNCTION AND RELEASE FUNDS AND FRANK KEATHLEY'S MOTION FOR SUMMARY JUDGMENT ON LEVY OF WRIT OF EXECUTION

On the 28th day of February, 2014, the Court heard Party in Interest and Judgment Creditor Corbitt Baker's Motion to Dissolve Temporary Injunction and Frank Keathley's Motion to Modify Injunction and Release Funds and Motion for Summary Judgment on Levy of Writ of Execution. Upon hearing the motions and any responses thereto, the Court is of the opinion that Baker's Motion to Dissolve Temporary Injunction should be GRANTED and Keathley's Motion to Modify Injunction and Motion for Summary Judgment should be DENIED;

IT IS THEREFORE ORDERED that the Temporary Injunction granted on May 12th, 2011, is hereby dissolved as a matter of law;

IT IS FURTHER ORDERED that the Clerk of the Court shall, upon expiration of thirty (30) days following the entry of this Order, release the sum of $30,000.00, plus any interest accrued thereon, previously deposited in the registry of the court, and that payment in that amount be made to Travis Clardy as attorney for Corbitt Baker pursuant to the Writ of Execution previously served on the Clerk;

IT IS FURTHER ORDERED that the Clerk of the Court shall, upon expiration of thirty (30) days following the entry of this Order, release the sum of $10,000.00, plus any interest accrued

**APPENDIX ITEM NO. 11**

thereon, previously deposited in the registry of the court, and that payment in that amount be made to Larry R. Wright as attorney for Defendant Frank Keathley pursuant to the fee agreement executed on March 16, 2011 and filed with the Clerk of Court on February 28, 2014;

IT IS FURTHER ORDERED that Frank Keathley's Motion for Summary Judgment on Levy of Writ of Execution and Motion to Modify Injunction and Release Funds heard on the same date are hereby DENIED in their entirety;

All relief not expressly granted herein is denied.

**SIGNED** on the 25 day of ___March___, 2014.

_____
JUDGE PRESIDING

CAUSE NO. 10,072

| | |
|---|---|
| J.J. INVESTMENT COMPANY, L.T.D., PLAINTIFF | IN THE DISTRICT COURT |
| | OF |
| VS. | |
| | FRANKLIN COUNTY, TEXAS |
| FRANK KEATHLEY, INDIVIDUALLY AND DBA TOP SHELF ANTIQUES, DEFENDANT | 62ND JUDICIAL DISTRICT |

### FRANK KEATHLEY'S REQUEST FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW, MOTION FOR RECONSIDERATION AND/OR MOTION FOR NEW TRIAL AND NOTICE OF APPEAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Frank Keathley ("Keathley") for his request for findings of fact and conclusions of law, motion for reconsideration and/or motion for new trial and notice of appeal, as follows:

1. On March 25, 2014, the Court entered its Order on Corbitt Baker's Motion to Dissolve Temporary Injunction, Frank Keathley's Motion to Modify Injunction and Release Funds and Frank Keathley's Motion For Summary Judgment on Levy of Writ of Execution, which should be judicially noticed for the purposes of this request and motion.

2. The Order purported to be a final order disposing of all issues before the Court, but it failed to make any ruling on the issues raised by Keathley in his application for declaratory judgment. Keathley requests that the Court make its formal findings of fact and conclusions of law addressing the various issues of law and fact raised by his application for declaratory judgment and on which the Order was based.

3. Keathley files this motion as his motion for reconsideration of the Order and/or alternatively, his motion for new trial.

Frank Keathley request for findings of fact, motion for reconsideration
and motion for new trial

1

568

**APPENDIX ITEM NO. 12**

4.      Additionally, Keathley files this motion to include his notice of appeal effective as of final determination of all issues.

WHEREFORE, Keathley moves this Court to file its findings of fact and conclusions of law specifically addressing the issues raised by Keathley's application for declaratory judgment and all issues supporting the Order in question. Keathley further moves the Court to reconsider the Order and/or grant a new trial based upon the findings of fact and conclusions of law and to make such further orders as may be required of the Court or as may be deemed necessary and appropriate to resolve all matters in controversy.

Respectfully submitted this 24th day of April, 2014.

Larry R. Wright
State Bar No. 22048000
P.O. Box 144
406 South Main Street
Winnsboro, TX 75494
Telephone 903-342-1089
Fax 903-342-1088
lawyerwright@msn.com
Attorney for Frank Keathley

CRTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been served on each attorney of record by telecopier transmission this 24th day of April, 2014.

Larry R. Wright

Frank Keathley request for findings of fact, motion for reconsideration and motion for new trial

ELLEN JAGGERS
United States Bankruptcy Court DISTRICT CLERK
Eastern District of Texas FRANKLIN COUNTY, TEXAS

BY:_____



## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below was filed under Chapter 7 of the United States Bankruptcy Code, entered on 04/28/2014 at 09:01 AM and filed on 04/28/2014.

**Frank Maben Keathley, Jr.**
6688 FM 1649
Gilmer, TX 75645
SSN / ITIN: xxx-xx-6269
*dba* **Top Shelf Antiques**

**Melissa Ann Keathley**
6688 FM 1649
Gilmer, TX 75645
SSN / ITIN: xxx-xx-2020

The case was filed by the debtor's attorney:

**Gordon Mosley**
4411 Old Bullard Rd #700
Tyler, TX 75703
(903) 534-5396

The case was assigned case number 14-20066.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our *Internet* home page www.txeb.uscourts.gov or at the Clerk's Office, Plaza Tower, 110 N. College Avenue, Ninth Floor, Tyler, TX 75702.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important deadlines.

**Jeanne Henderson**
**Clerk, United States**
**Bankruptcy Court**



**APPENDIX ITEM NO. 13**

FILED FOR RECORD
2014 MAY -7 AM II: 18

ELLEN JAGGERS
DISTRICT CLERK
FRANKLIN COUNTY, TEXAS

CAUSE NO. 10,072

| | |
|---|---|
| J.J. INVESTMENT COMPANY, L.T.D., PLAINTIFF | IN THE DISTRICT COURT |
| | OF |
| VS. | |
| | FRANKLIN COUNTY, TEXAS |
| FRANK KEATHLEY, INDIVIDUALLY AND DBA TOP SHELF ANTIQUES, DEFENDANT | 62ND JUDICIAL DISTRICT |

NOTICE OF BANKRUPTCY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Frank Keathley, defendant, on his notice of bankruptcy. A voluntary petition for bankruptcy was filed on April 28, 2014, in the United States Bankruptcy Court for the Eastern District of Texas, Tyler Division, under cause number 14-20066. Accordingly, pursuant to 11 U.S.C.A. Sec. 362, the automatic stay of proceedings is in place and is effective as to this case, unless and until lifted by order of the Bankruptcy Court.

Respectfully submitted this 6th day of May, 2014.

Larry R. Wright
State Bar No. 22048000
P.O. Box 144
406 South Main Street
Winnsboro, TX 75494
Telephone 903-342-1089
Fax 903-342-1088
Email lawyerwright@msn.com
Attorney for Defendant

Notice of Filing Bankruptcy

1

**APPENDIX ITEM NO. 14**

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been served on all attorneys of record for all parties by telecopier transmission this 6th day of May, 2014.

Larry R. Wright

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **FRANK M. KEATHLEY, JR.** | § | |
| xxx-xx-4269 | § | Case No. 14-20066 |
| and **MELISSA ANN KEATHLEY** | § | |
| xxx-xx-2020 | § | |
| 6688 FM 1649, Gilmer, TX 75645 | § | |
| | § | |
| Debtors | § | Chapter 7 |

### ORDER GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY FILED BY CORBITT BAKER

On September 16, 2014, came on for final hearing the "Motion for Relief from Automatic Stay Against Monies Held in Registry of Court of the 62nd Judicial District Court of Franklin County, Texas" (the "Motion") filed by Corbitt Baker (the "Movant") on August 13, 2014. The Court finds that appropriate notice of the Motion and the hearing was given according to the Federal and Local Rules of Bankruptcy Procedure. Jerry Baker appeared at the hearing on behalf of the Movant. Gordon Mosley appeared at the hearing on behalf of the Debtors. Based upon the Court's consideration of the pleadings, the admissions of the parties, and the argument of counsel, and for the reasons expressed by the Court on the record in open court pursuant to Fed. R. Civ. P. 52, which is incorporated into contested matters in bankruptcy cases by Fed. R. Bankr. P. 7052 and 9014, the Court finds that just cause exists for the entry of the following order.

**IT IS THEREFORE ORDERED** that the Motion for Relief from Automatic Stay Against Monies Held in Registry of Court of the 62nd Judicial District Court of Franklin

**APPENDIX ITEM NO. 15**

County, Texas filed by Corbitt Baker on August 13, 2014 is **GRANTED** and the automatic stay is hereby **TERMINATED** so as to allow all parties, including the Movant, to proceed to take all appropriate actions to obtain the monies held in the registry of the 62nd Judicial District Court in and for Franklin County, Texas, and to allow all courts of appropriate jurisdiction, including the 62nd Judicial District Court in and for Franklin County, Texas, to grant to any party all such remedies as may be necessary and appropriate with regard to the disposition of the sums held in the registry of the 62nd Judicial District Court.

Signed on 09/16/2014

THE HONORABLE BILL PARKER
UNITED STATES BANKRUPTCY JUDGE

-2-

CAUSE NO. 10,072

J.J. INVESTMENT COMPANY, LTD.    §     IN THE DISTRICT COURT OF
   Plaintiff,    §
   §
VS.    §    FRANKLIN COUNTY, TEXAS
   §
FRANK KEATHLEY, INDIVIDUALLY    §
AND DBA TOP SHELF ANTIQUES    §
   Defendant.    §    62ND JUDICIAL DISTRICT

## ORDER ON CORBITT BAKER'S MOTION TO DISSOLVE TEMPORARY INJUNCTION, FRANK KEATHLEY'S MOTION TO MODIFY INJUNCTION AND RELEASE FUNDS AND FRANK KEATHLEY'S MOTION FOR SUMMARY JUDGMENT ON LEVY OF WRIT OF EXECUTION

On the 28th day of February, 2014, the Court heard Party in Interest and Judgment Creditor Corbitt Baker's Motion to Dissolve Temporary Injunction and Frank Keathley's Motion to Modify Injunction and Release Funds and Motion for Summary Judgment on Levy of Writ of Execution. Upon hearing the motions and any responses thereto, the Court is of the opinion that Baker's Motion to Dissolve Temporary Injunction should be GRANTED and Keathley's Motion to Modify Injunction and Motion for Summary Judgment should be DENIED;

IT IS THEREFORE ORDERED that the Temporary Injunction granted on May 12th, 2011, is hereby dissolved as a matter of law;

IT IS FURTHER ORDERED that the Clerk of the Court shall, upon expiration of thirty (30) days following the entry of this Order, release the sum of $30,000.00, plus any interest accrued thereon, previously deposited in the registry of the court, and that payment in that amount be made to Travis Clardy as attorney for Corbitt Baker pursuant to the Writ of Execution previously served on the Clerk;

IT IS FURTHER ORDERED that the Clerk of the Court shall, upon expiration of thirty (30) days following the entry of this Order, release the sum of $10,000.00, plus any interest accrued

thereon, previously deposited in the registry of the court, and that payment in that amount be made to Larry R. Wright as attorney for Defendant Frank Keathley pursuant to the fee agreement executed on March 16, 2011 and filed with the Clerk of Court on February 28, 2014;

IT IS FURTHER ORDERED that Frank Keathley's Motion for Summary Judgment on Levy of Writ of Execution and Motion to Modify Injunction and Release Funds heard on the same date are hereby DENIED in their entirety;

All relief not expressly granted herein is denied.

SIGNED on the 25 day of ___March_____, 2014.

_____
JUDGE PRESIDING

FILED FOR RECORD

2014 SEP 16 PM 1:48

DISTRICT CLERK
FRANKLIN COUNTY, TEXAS

BY:_____



# CLARDY LAW OFFICES



TRAVIS P. CLARDY
JERRY W. BAKER

## 209 E. MAIN STREET
## P.O. BOX 635426
## NACOGDOCHES, TEXAS  75963

936.564.2500
Fax 936.564.2507
www.clardy-law.com
travis@clardy-law.com

## FACSIMILE TRANSMISSION

| | |
|---|---|
| **DATE:**  September 16, 2014 | **TO:**  Ms. Ellen Jaggers–(903) 537-8338<br>District Clerk |
| **FROM:**  Jerry Baker | **SENDER:**    Debra Hurst |

**RE:**    Cause No.: 10,072;  J.J. Investment Company, L.T.D. vs. Frank Keathley, Individually and d/b/a Stop Shelf Antiques

**INSTRUCTIONS/COMMENTS:** Please find attached copy of the Bankruptcy Court's Order Granting Motion for Relief from Automatic Stay.  As you can see the Bankruptcy Court has granted us relief from the stay to collect the monies currently being held in the registry. I am also attaching a copy of Judge Biard's Order as well.

If you will let me know when you can have the check ready, we will make arrangements to come pick it up.    Thank you,

**TO RECIPIENT:**
INFORMATION which is legally privileged.  The information is intended only for the use of the recipient named above.  If you have received this telecopy in error, please notify us IMMEDIATELY by telephone to arrange for return of the original documents to us and you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance upon the contents of this telecopied information is strictly prohibited.

**NUMBER OF PAGES, INCLUDING COVERSHEET:**  7

**ORIGINAL TO FOLLOW BY MAIL:**  no

If the following fax you receive is incomplete or illegible, please call the sender listed above at (936) 564-2500.

## Debra Hurst

**From:** ECF_Live@txeb.uscourts.gov
**Sent:** Tuesday, September 16, 2014 12:05 PM
**To:** ECF_Live@txeb.uscourts.gov
**Subject:** 14-20066 Order on Motion for Relief from Automatic Stay

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.

### United States Bankruptcy Court

### Eastern District of Texas

Notice of Electronic Filing

The following transaction was received from bd entered on 9/16/2014 at 12:05 PM CDT and filed on 9/16/2014
**Case Name:** Frank Maben Keathley, Jr. and Melissa Ann Keathley
**Case Number:** 14-20066
**Document Number:** 28

**Docket Text:**
Order Granting Motion for Relief from Automatic Stay (RE: related document(s)[23] Motion for Relief from Automatic Stay Without Waiver of 30-Day Hearing Requirement As To Monies Held in Registry Filed by Corbitt Baker (Attachments: # 1 Exhibit Exhibit A - Final Judgment # 2 Exhibit Exhibit B - Agreed Order to Distribute Funds # 3 Exhibit Writ of Execution # 4 Exhibit Exhibit D - Order Granting Temporary Injunction # 5 Exhibit Exhibit E - Court of Appeals Mandate # 6 Exhibit Exhibit F - Order on Motion to Dissolve Temp Injunction # 7 Proposed Order Proposed Order Granting MFR) (Clardy, Travis) Modified text to read "Without Waiver" to reflect pdf on 8/14/2014 (bd). filed by Creditor Corbitt Baker). (bd)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** 14-20066_23.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=995489823 [Date=9/16/2014] [FileNumber=14473686-0
] [65800d0af24b1e87a31a21919d550a00ea82508cb21283bb223c3eabbf962101d73
1b8da0ae4605ec62c7cdd3660b70dea686d56a1b3559ffb8302c7060c685]]

**14-20066 Notice will be electronically mailed to:**

Travis P. Clardy on behalf of Creditor Corbitt Baker
Travis@clardy-law.com, debra@clardy-law.com

Laurie Spindler Huffman on behalf of Creditor Upshur County

laurie.spindler@publicans.com, Matilde.Alvarado@publicans.com

Michael McNally
mcnallyandpatrick@suddenlinkmail.com;mmcnally@ecf.epiqsystems.com

Gordon Mosley on behalf of Debtor Frank Maben Keathley, Jr.
gmosley@suddenlinkmail.com, gordonm@suddenlinkmail.com

Gordon Mosley on behalf of Joint Debtor Melissa Ann Keathley
gmosley@suddenlinkmail.com, gordonm@suddenlinkmail.com

Joshua P. Searcy on behalf of Creditor Colette E. Wattelet
irspc@jrsearcylaw.com, joshsearcy@jrsearcylaw.com

US Trustee
USTPRegion06.TY.ECF@USDOJ.GOV

**14-20066 Notice will not be electronically mailed to:**

2

CAUSE NO. 10,072

J.J. INVESTMENT COMPANY, L.T.D.,       IN THE DISTRICT COURT
PLAINTIFF

                                       OF
VS.

FRANK KEATHLEY, INDIVIDUALLY           FRANKLIN COUNTY, TEXAS
AND DBA TOP SHELF ANTIQUES,
DEFENDANT                              62ND JUDICIAL DISTRICT

FRANK KEATHLEY'S NOTICE OF DISCHARGE IN BANKRUPTCY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Frank Keathley, for his notice of discharge in bankruptcy and would show the Court the following:

1.    As shown by the Clerk's File, the automatic stay placed in effect as a result of the filing of bankruptcy by Frank Keathley and wife, Melissa Keathley, has been lifted and the proceedings in this case are permitted to proceed.

2.    The result of the bankruptcy filed by Frank Keathley and wife, Melissa Keathley, they were discharged from all liability for claims under Chapter 7 of the Bankruptcy Code, including the claim of Corbitt Baker asserted in this case. A true and correct copy of the Discharge of Debtor as signed by the Judge of the United States Bankruptcy Court on September 18, 2014 and entered in Case No. 14-20066, in the United States Bankruptcy Court, Eastern District of Texas, Marshall Division, is attached hereto and made a part hereof by reference. Accordingly, Frank Keathley and Melissa Keathley are not liable for the Judgment held by Corbitt Baker under which levy of a writ of execution has been made against the funds held in the registry of the Clerk of this Court.

Frank Keathley Notice of Discharge in Bankruptcy                                    1
                                                                                  328

**APPENDIX ITEM NO. 16**

3.	The Discharge of Debtor as a result of the bankruptcy proceedings is new evidence that this Court should consider in granting Keathley's motion for new trial because this Court must now determine the extent to which Baker may be entitled to enforce the Judgment against the funds held by the Court. The filing of the bankruptcy and the results of the bankruptcy all occurred following the Court's entry of its Order signed March 25, 2014. The action of the Bankruptcy Court could not have been presented to this Court until entry of the Discharge of Debtor and lifting of the automatic stay.

4.	The question for this Court is to now determine to what extent Baker perfected a lien against the registry funds. As stated by the Bankruptcy Court in its order on Baker's motion to lift the stay, Texas law does not allow creation of a judgment lien against personal property. Under 11 USC 522(f)(2), a judicial lien is defined as one obtained by judgment, levy, sequestration or other legal or equitable process. The entry of judgment does not establish a judicial lien on personal property not named in the lawsuit. The entry of Judgment for Baker by the Smith County Court did not establish a lien. To establish a lien under the Judgment for real property, it had to be abstracted and filed in each county where Debtor had nonexempt real property. The abstracting of the Judgment did not establish any lien on personal property. To perfect a lien on personal property, there had to be a valid levy of a writ of execution or writ of garnishment against specific, nonexempt personal property. The issue this Court must determine is whether there was a valid levy of execution and whether it was lawfully levied against nonexempt personal property of Keathley.

5.     This Court's Order signed March 25, 2014 should be set aside and a new trial granted so this Court can properly determine the law applicable to the undisputed facts of this case and enter an order declaring the controlling legal issues that either support or defeat Baker's levy.  The Court's Order dissolving the temporary injunction was only ancillary to the controlling issue of the validity of the levy.  As a result of the discharge in bankruptcy, Baker can only reach Keathley's interest in the registry funds by enforcement of a judicial lien through levy under a writ of execution or a writ of garnishment.  This Court is charged with properly applying the law to determine if Baker's attempted enforcement of the judicial lien met the requirements of law to allow him to collect against Keathley's portion of the registry funds.

6.     The Order entered by this Court denying Keathley's summary judgment and declining to enter declaratory judgment on the issues of law requested by Keathley was error and fails to dispose of all issues brought before the Court.  The Order should be set aside, a new trial granted and a final judgment declaring the relevant legal issues needed in order to properly determine the validity of the levy.

WHEREFORE, Keathley moves the Court to consider grant his motion for new trial by order a new trial for consideration of the results of the bankruptcy proceeding, the effect of the discharge in bankruptcy, the controlling law of the case and the validity of the Baker levy and further relief.

Respectfully submitted this _9th_ day of October, 2014.

Larry R. Wright
State Bar No. 22048000
P.O. Box 144
406 South Main Street
Winnsboro, TX 75494
Telephone 903-342-1089
Fax 903-342-1088
Email lawyerwright@msn.com
Attorney for Frank Keathley

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been served on each attorney of record by telecopier transmission this 9th day of October, 2014.

Larry R. Wright

## VERIFICATION

STATE OF TEXAS

COUNTY OF WOOD

Before me, the undersigned authority, on this date personally appeared Larry R. Wright, who upon his oath stated as follows:

I am Larry R. Wright, counsel of record for Frank Keathley and legally competent to make this affidavit on oath..

I have personal knowledge of the statements of fact related to the bankruptcy of Frank Keathley and the documents from such bankruptcy, including the Discharge of Debtor, a true and copy of which is attached to this pleading.

The results of the bankruptcy could not have been filed with this Court until the final determination was made and the discharge entered.

The bankruptcy results are new developments which are relevant to this proceeding and should be considered by this Court before making its final ruling.

Signed this ___9th___ day of October, 2014.

Larry R. Wright

SUBSCRIBED AND SWORN TO this 9th day of October, 2014.

Notary Public, State of Texas

LORRIE JEAN MADSEN
NOTARY PUBLIC
STATE OF TEXAS
Commission Expires 09-09-2015

Notary Commission and Seal

B18 (Official Form 18) (12/07)

# United States Bankruptcy Court

## Eastern District of Texas
### Case No. 14-20066
### Chapter 7

In re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):

Frank Maben Keathley Jr.
dba Top Shelf Antiques
6688 FM 1649
Gilmer, TX 75645

Melissa Ann Keathley
6688 FM 1649
Gilmer, TX 75645

Social Security No.:
xxx-xx-6269

xxx-xx-2020

Employer's Tax I.D. No.:

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

BY THE COURT

Dated: 9/18/14

Bill Parker
United States Bankruptcy Judge

### SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.

333

**APPENDIX ITEM NO. 17**

B18 (Official Form 18) (12/07) – Cont.

## EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

### Debts That are Not Discharged.

Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes;

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

334

United States Bankruptcy Court
Eastern District of Texas

In re:
Frank Maben Keathley, Jr.
Melissa Ann Keathley
    Debtors

Case No. 14-20066-bp
Chapter 7

# CERTIFICATE OF NOTICE

| District/off: 0540-2 | User: davisb | Page 1 of 2 | Date Rcvd: Sep 18, 2014 |
| --- | --- | --- | --- |
| | Form ID: B18 | Total Noticed: 64 | |

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 20, 2014.
```
db/jdb       +Frank Maben Keathley, Jr., Melissa Ann Keathley, 6688 FM 1649, Gilmer, TX 75645-6511
cr           +Colette E. Wattelet, 1314 Ithaca Ave., Nederland, TX 77627-3838
cr           +Corbitt Baker, c/o Travis P. Clardy, P.O. Box 635426, Nacogdoches, TX 75963-5426,
               UNITED STATES
cr            Upshur County, Linebarger Goggan Blair & Sampson, LLP, c/o Laurie Spindler Huffman,
               2777 N Stemmons Freeway, Suite 1000, Dallas, TX 75207-2328
6745388      +Account Services, 1802 NE Loop 410 #400, San Antonio, TX 78217-5298
6745399       Alliance One, PO Box 1508, Maumee, OH 43537-8508
6745391      +Attorney General of Texas, Taxation Div - Bankruptcy, Box 12548 Capitol Station,
               Austin Texas 78711-2548
6745393      +Berman & Rabin, PO Box 24327, Overland Park, KS 66283-4327
6745397      +Capital One, P.O. Box 21887, Egan, MN 55121-0887
6745396      +Capital One, Attention: Bankruptcy, 1 Corporate Dr, Suite 360, Lake Zurich, IL 60047-8945
6745401      +Citicorp Credit Services Inc. USA, Alliance One Receiveables Mgmt. Inc., PO Box 3107,
               Southeastern, PA 19398-3107
6745402      +Client Services, 3451 Harry S Truman Blvd, St Charles MO 63301-9816
6745405       Corbit Baker, c/o Drew Knowles, P.O. Box 631918, Nacogdoches, Texas 75963-1918
6745407      +Deutsche Bank Trust Company America, as Trustee for RALI 2005-QS16, 1100 Virginia Drive,
               Port Washington, PA 19034-3204
6745409      +Firstsource Advantage, Inc, PO Box 628, Buffalo, NY 14240-0628
6745411       GC Services, PO Box 2667, Houston, TX 77252-2667
6745412      +Gordon Mosley, 4411 Old Bullard Rd., Ste. 700, Tyler, Texas 75703-1215
6745413      +Helvey Associates, 1015 Center Street, Warsaw, IN 46580-3420
6745417      +Joseph, Mann, & Creed, 20600 Chagrin Blvd., Beachwood, OH 44122-5340
6745418      +Law Offices of Ross & Matthews, P.C., 3650 Lovell Avenue, Fort Worth, TX 76107-5638
6745420      +Marina Club Apartments, 3750 Naturally Fresh Blvd., Atlanta, GA 30349-2964
6745422      +Merchants&professional, 5508 Parkcrest Dr Ste 21, Austin, TX 78731-4929
6745423      +Midland Credit Management, P.O. Box 939069, San Diego, CA 92193-9063
6745425      +National Credit System, Attn: Bankruptcy, PO Box 312125, Atlanta, GA 31131-2125
6745427      +Ocwen Loan Servicing L, 1100 Virginia Drive, Fort Washington, PA 19034-3204
6745430      +Richard J. Boudreau & Assoc., 5 Industrial Way, Salem, NH 03079-4866
6745432      +Spurlock North Apartments, 3830 Hwy 365, Port Arthur, TX 77642-7500
6745433      +Starrville Friendship Water Supply, Box 1482, Gladewater, Texas 75647-1482
6745435      +T.L. Thompson & Assoc, PO Box 496149, Garland, TX 75049-6149
6745439       U.T. Southwestern Medical Center, 5323 Harry Hines Blvd., Dallas, Texas 75390-9087
6745448       UT Health Northeast, 11937 US HWY 271, Tyler, Texas 75708-3154
6745449      +UT Physicians, PO Box 201088, Houston, TX 77216-1088
6745450       UT Southwestern Medical Service, PO Box 845347, Dallas TX 75284-5347
6745451       UTHSCT, PO Box 731910, Dallas, TX 75373-1910
6745440      +United States Attorney, 110 N College, Suite 700, Tyler Texas 75702-0204
6745441      +United States Attorney General, Eric H. Holder, U.S. Department of Justice,
               950 Pennsylvania Ave. N.W., Washington, D.C 20530-0009
6745444       Upshur County Appraisal Dist, 105 Diamond Loch, Gilmer TX 75644-9372
6745445      +Upshur County Tax Assessor, c/o: Micheal Smith, 215 North Titus, Gilmer TX 75644-1924
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
tr           +EDI: QMJMCNALLY.COM Sep 19 2014 00:53:00     Michael McNally, 100 E. Ferguson, Suite 400,
               Tyler, TX 75702-5758
6745390      +EDI: CITICORP.COM Sep 19 2014 00:58:00     AT&T Universal Card, PO Box 6415,
               The Lakes, NV 88901-6415
6745392       EDI: BANKAMER.COM Sep 19 2014 00:58:00     Bank of America, NC 4-105-03-14, PO Box 26012,
               Greensboro NC 27420-6012
6745398       EDI: CHASE.COM Sep 19 2014 00:58:00     Chase, Attn: Credit Bureau Updates, PO Box 15919,
               Wilmington, DE 19850-5919
6745399       EDI: CITICORP.COM Sep 19 2014 00:58:00     Citi Cards, PO Box 182564, Columbus, OH 43218
6745400       EDI: CITICORP.COM Sep 19 2014 00:58:00     Citibank Sd, Na, Attn: Centralized Bankruptcy,
               PO Box 20363, Kansas City, MO 64195
6745443       EDI: CITICORP.COM Sep 19 2014 00:58:00     Unvl/citi, Attn.: Centralized Bankruptcy,
               PO Box 20507, Kansas City, MO 64195
6745394      +E-mail/Text: bankruptcy@cavps.com Sep 19 2014 01:00:09     Calvary Portfolio Services,
               Attention: Bankruptcy Department, 500 Summit Lake Dr. Suite 400, Valhalla, NY 10595-1340
6745395      +EDI: CAPITALONE.COM Sep 19 2014 00:58:00     Capital 1 Bank, Attn: Bankruptcy Dept.,
               PO Box 30285, Salt Lake City, UT 84130-0285
6745404      +EDI: CONVERGENT.COM Sep 19 2014 00:58:00     Convergent Outsourcing, 10750 Hammerly Blvd.#200,
               Houston, TX 77043-2317
6745406       EDI: RCSDELL.COM Sep 19 2014 00:53:00     Dell Financial Services,
               Dell Financial Services Attn: Bankruptcy, PO Box 81577, Austin, TX 78708
6745408      +EDI: CONVERGENT.COM Sep 19 2014 00:58:00     ER Solutions Inc, PO Box 9004,
               Renton WA 98057-9004
6745414      +EDI: HFC.COM Sep 19 2014 00:58:00     Hsbc Bank, Attention: HSBC Retail Services,
               PO Box 5264, Carol Stream, IL 60197-5264
6745415      +EDI: IRS.COM Sep 19 2014 00:58:00     Internal Revenue Service, Bankruptcy Department,
               PO Box 7346, Philadelphia, PA 19101-7346
```

335

District/off: 0540-2                User: davidb                 Page 2 of 2                  Date Rcvd: Sep 18, 2014
                                    Form ID: B18                 Total Noticed: 64

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center
(continued)
6745419         +EDI: RESURGENT.COM Sep 19 2014 00:58:00    Lvnv Funding Llc,   Po Box 10497,
                  Greenville, SC 29603-0497
6745421L        +EDI: MIDS.COM Sep 19 2014 00:58:00     MCM,    8875 Aero Dr. Suite 200,
                  San Diego, CA 92123-2255
6745424         +EDI: MIDS.COM Sep 19 2014 00:58:00     Midland Funding,    8875 Aero Dr Ste 200,
                  San Diego, CA 92123-2255
6745426         +E-mail/Text: bankruptcydepartment@ncogroup.com Sep 19 2014 01:00:03
                  NCO Financial Systems, Inc.,   507 Prudential Road,   Horsham, PA 19044-2368
6745428          EDI: PRA.COM Sep 19 2014 00:58:00     Portfolio Recovery,    PO Box 12914,   Norfolk, VA 23541
6745429         +EDI: RESURGENT.COM Sep 19 2014 00:58:00    Resurgent Capital Service,    Sherman Acquisition,
                  PO Box 10587,   Greenville, SC 29603-0587
6745431          EDI: SEARS.COM Sep 19 2014 00:58:00     Sears Credit Cards,    PO Box 6937,
                  The Lakes, NV 88901-6937
6745434          E-mail/Text: pacer@cpa.state.tx.us Sep 19 2014 01:00:20    State Comp of Public Accts,
                  ATTN: Bankruptcy Section,   PO Box 13528,   Austin Texas  78711
6745436          E-mail/Text: ridpacer@twc.state.tx.us Sep 19 2014 01:00:23    Texas Workforce Commission,
                  Attn: Bankruptcy Information,   101 E 15th St,   Austin Texas  78778-0001
6745447         +EDI: USAA.COM Sep 19 2014 00:53:00     USAA Savings Bank,    PO Box 14050,
                  Las Vegas, NV 89114-4050
6745442         +E-mail/Text: ustpregion06.ty.ecf@usdoj.gov Sep 19 2014 00:59:41    United States Trustee,
                  110 N College Ave,   Suite 300,   Tyler Texas 75702-7231
6745446         +EDI: USAA.COM Sep 19 2014 00:53:00     Usaa Savings Bank,    Po Box 33009,
                  San Antonio, TX 78265-3009
                                                                                  TOTAL: 26

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
6745434*        ++INTERNAL REVENUE SERVICE,    CENTRALIZED INSOLVENCY OPERATIONS,   PO BOX 7146,
                  PHILADELPHIA PA 19101-7346
                 (address filed with court: Internal Revenue Service,    Special Procedures Branch,
                  P.O. Box 21126,   Philadelphia, PA 19114)
6745403         ##+Colette Wattelet,    1335 Jackson Avenue,   Nederland, Texas 77627-1812
6745410         ##+Frederick J. Hanna & Associates,    1427 Roswell Road,   Marietta, GA 30062-3668
6745438         ##+The Brachfeld Law Group, PC,    880 Apollo Street Suite 155,   El Segundo, CA 90245-4783
6745437         ##+The Brachfeld Law Group, PC,    PO Box 1209,   DEPT #21999,   Oaks, PA 19456-1209
                                                                         TOTALS: 0, * 1, ## 4

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.P6.2002(g)(4).

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 20, 2014                        Signature:   /s/Joseph Speetjens


---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 18, 2014 at the address(es) listed below:
NONE.                                                                    TOTAL: 0

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

FILED FOR EOD RECORDS 09/18/2014 11:00 o'clock ___ .M.

OCT 10 2014

Case No. ___ , District Clerk
Franklin County, Texas
Chapter 7 ___ _____ Deputy

Frank Maben Keathley, Jr.                    §
Melissa Ann Keathley                         §
SSN: xxx-xx-6269/xxx-xx-2020                 §
6688 FM 1649                                 §
Gilmer, TX 75645                             §
                                             §
                                             §
Debtor(s)                                    §

### ORDER DENYING AMENDED MOTION OF DEBTORS TO AVOID JUDICIAL LIEN OF CORBIT BAKER AS PROVIDED BY U.S.C. § 522(f)

On August 27, 2014, a Motion to Avoid a Judicial Lien per 11 U.S.C. § 522(f), ("the Motion") was filed by the debtors, Frank and Melissa Keathley (the "Movant"), in the above-referenced case. The Court finds that the Motion was properly served pursuant to the Federal and Local Rules of Bankruptcy Procedure. However, since an abstract of judgment cannot create a judicial lien upon personal property under Texas law, the Court finds that good cause exists for the entry of the following order.

**IT IS THEREFORE ORDERED** that the Motion to Avoid the Judicial Lien of Corbitt Baker filed by the debtors on August 27, 2014, is hereby **DENIED**.

Signed on 09/18/2014

THE HONORABLE BILL PARKER
UNITED STATES BANKRUPTCY JUDGE

762040074540229

EOD
FILED FOR RECORDS
at ___11:00___ o'clock ___a___.M.

OCT 1 0 2014

ELLEN JAGGERS, District Clerk
Franklin County, Texas
By_____ Deputy

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

IN RE: § 
§
**FRANK M. KEATHLEY, JR.** §
xxx-xx-6269 § Case No. 14-20066
**and MELISSA ANN KEATHLEY** §
xxx-xx-2020 §
6688 FM 1649, Gilmer, TX 75645 §
§
Debtors § Chapter 7

## ORDER GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY FILED BY CORBITT BAKER

On September 16, 2014, came on for final hearing the "Motion for Relief from Automatic Stay Against Monies Held in Registry of Court of the 62nd Judicial District Court of Franklin County, Texas" (the "Motion") filed by Corbitt Baker (the "Movant") on August 13, 2014. The Court finds that appropriate notice of the Motion and the hearing was given according to the Federal and Local Rules of Bankruptcy Procedure. Jerry Baker appeared at the hearing on behalf of the Movant. Gordon Mosley appeared at the hearing on behalf of the Debtors. Based upon the Court's consideration of the pleadings, the admissions of the parties, and the argument of counsel, and for the reasons expressed by the Court on the record in open court pursuant to Fed. R. Civ. P. 52, which is incorporated into contested matters in bankruptcy cases by Fed. R. Bankr. P. 7052 and 9014, the Court finds that just cause exists for the entry of the following order.

**IT IS THEREFORE ORDERED** that the Motion for Relief from Automatic Stay Against Monies Held in Registry of Court of the 62nd Judicial District Court of Franklin

338

County, Texas filed by Corbitt Baker on August 13, 2014 is **GRANTED** and the automatic stay is hereby **TERMINATED** so as to allow all parties, including the Movant, to proceed to take all appropriate actions to obtain the monies held in the registry of the 62nd Judicial District Court in and for Franklin County, Texas, and to allow all courts of appropriate jurisdiction, including the 62nd Judicial District Court in and for Franklin County, Texas, to grant to any party all such remedies as may be necessary and appropriate with regard to the disposition of the sums held in the registry of the 62nd Judicial District Court.

Signed on 09/16/2014

_____
THE HONORABLE BILL PARKER
UNITED STATES BANKRUPTCY JUDGE

-2-

339

032255     76005032287019

CAUSE NO. 10,072

| | |
|---|---|
| J.J. INVESTMENT COMPANY, L.T.D., PLAINTIFF | IN THE DISTRICT COURT |
| VS. | OF |
| FRANK KEATHLEY, INDIVIDUALLY AND DBA TOP SHELF ANTIQUES, DEFENDANT | FRANKLIN COUNTY, TEXAS 62ND JUDICIAL DISTRICT |

ORDER ON FRANK KEATHLEY'S REQUEST FOR FINDINGS OF FACT
AND CONCLUSIONS OF LAW, MOTION FOR RECONSIDERATION AND/OR
MOTION FOR NEW TRIAL AND NOTICE OF APPEAL.

On the 10th day of October, 2014, came on to be heard Frank Keathley's Request

for Findings of Fact and Conclusions of Law, Motion for Reconsideration and/or Motion

for New Trial and Notice of Appeal and the Court finds that the request and motions

should be denied.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that

Frank Keathley's Request for Findings of Fact and Conclusions of Law, Motion for

Reconsideration and/or Motion for New Trial and Notice of Appeal are denied.

Signed this ___3__ day of October, 2014.

WILL BIARD
DISTRICT JUDGE

Order on Frank Keathley Request for Findings of Fact and Conclusions of Law,
Motion for Reconsideration and/or Motion for New Trial and Notice of Appeal       1

**APPENDIX ITEM NO. 18**

# RULE 329b. TIME FOR FILING MOTIONS

The following rules shall be applicable to motions for new trial and motions to modify, correct, or reform judgments (other than motions to correct the record under Rule 316) in all district and county courts:

(a) A motion for new trial, if filed, shall be filed prior to or within thirty days after the judgment or other order complained of is signed.

(b) One or more amended motions for new trial may be filed without leave of court before any preceding motion for new trial filed by the movant is overruled and within thirty days after the judgment or other order complained of is signed.

(c) In the event an original or amended motion for new trial or a motion to modify, correct or reform a judgment is not determined by written order signed within seventy-five days after the judgment was signed, it shall be considered overruled by operation of law on expiration of that period.

(d) The trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed.

(e) If a motion for new trial is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after all such timely-filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first.

(f) On expiration of the time within which the trial court has plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause, filed within the time allowed by law; provided that the court may at any time correct a clerical error in the record of a judgment and render judgment nunc pro tunc under Rule 316, and may also sign an

order declaring a previous judgment or order to be void because signed after the court's plenary power had expired.

(g) A motion to modify, correct, or reform a judgment (as distinguished from motion to correct the record of a judgment under Rule 316), if filed, shall be filed and determined within the time prescribed by this rule for a motion for new trial and shall extend the trial court's plenary power and the time for perfecting an appeal in the same manner as a motion for new trial. Each such motion shall be in writing and signed by the party or his attorney and shall specify the respects in which the judgment should be modified, corrected, or reformed. The overruling of such a motion shall not preclude the filing of a motion for new trial, nor shall the overruling of a motion for new trial preclude the filing of a motion to modify, correct, or reform.

(h) If a judgment is modified, corrected or reformed in any respect, the time for appeal shall run from the time the modified, corrected, or reformed judgment is signed, but if a correction is made pursuant to Rule 316 after expiration of the period of plenary power provided by this rule, no complaint shall be heard on appeal that could have been presented in an appeal from the original judgment.

**APPENDIX ITEM NO. 19**

## RULE 621a. DISCOVERY AND ENFORCEMENT OF JUDGMENT

At any time after rendition of judgment, and so long as said judgment has not been suspended by a supersedeas bond or by order of a proper court and has not become dormant as provided by Article 3773, V.A.T.S., the successful party may, for the purpose of obtaining information to aid in the enforcement of such judgment, initiate and maintain in the trial court in the same suit in which said judgment was rendered any discovery proceeding authorized by these rules for pre-trial matters. Also, at any time after rendition of judgment, either party may, for the purpose of obtaining information relevant to motions allowed by Texas Rules of Appellate Procedure 47 and 49 initiate and maintain in the trial court in the same suit in which said judgment was rendered any discovery proceeding authorized by these rules for pre-trial matters. The rules governing and related to such pre-trial discovery proceedings shall apply in like manner to discovery proceedings after judgment. The rights herein granted to the parties shall inure to their successors or assignees, in whole or in part. Judicial supervision of such discovery proceedings after judgment shall be the same as that provided by law or these rules for pre-trial discovery and proceedings insofar as applicable.

**APPENDIX ITEM NO. 20**

# RULE 622. EXECUTION

An execution is a process of the court from which it is issued. The clerk of the district or county court or the justice of the peace, as the case may be, shall tax the costs in every case in which a final judgment has been rendered and shall issue execution to enforce such judgment and collect such costs. The execution and subsequent executions shall not be addressed to a particular county, but shall be addressed to any sheriff or any constable within the State of Texas.

# RULE 627. TIME FOR ISSUANCE

If no supersedeas bond or notice of appeal, as required of agencies exempt from filing bonds, has been filed and approved, the clerk of the court or justice of the peace shall issue the execution upon such judgment upon application of the successful party or his attorney after the expiration of thirty days from the time a final judgment is signed. If a timely motion for new trial or in arrest of judgment is filed, the clerk shall issue the execution upon the judgment on application of the party or his attorney after the expiration of thirty days from the time the order overruling the motion is signed or from the time the motion is overruled by operation of law.

**APPENDIX ITEM NO. 21/21a**

# RULE 628. EXECUTION WITHIN THIRTY DAYS

Such execution may be issued at any time before the thirtieth day upon the filing of an affidavit by the plaintiff in the judgment or his agent or attorney that the defendant is about to remove his personal property subject to execution by law out of the county, or is about to transfer or secrete such personal property for the purpose of defrauding his creditors.

**APPENDIX ITEM NO. 22**

# RULE 630. EXECUTION ON JUDGMENT FOR MONEY

When an execution is issued upon a judgment for a sum of money, or directing the payment simply of a sum of money, it must specify in the body thereof the sum recovered or directed to be paid and the sum actually due when it is issued and the rate of interest upon the sum due. It must require the officer to satisfy the judgment and costs out of the property of the judgment debtor subject to execution by law.

**APPENDIX ITEM NO. 23**

# RULE 637. LEVY OF EXECUTION

When an execution is delivered to an officer he shall proceed without delay to levy the same upon the property of the defendant found within his county not exempt from execution, unless otherwise directed by the plaintiff, his agent or attorney.
The officer shall first call upon the defendant, if he can be found, or, if absent, upon his agent within the county, if known, to point out property to be levied upon, and the levy shall first be made upon the property designated by the defendant, or his agent. If in the opinion of the officer the property so designated will not sell for enough to satisfy the execution and costs of sale, he shall require an additional designation by the defendant. If no property be thus designated by the defendant, the officer shall levy the execution upon any property of the defendant subject to execution.

**APPENDIX ITEM NO. 24**

# RULE 657. JUDGMENT FINAL FOR GARNISHMENT

In the case mentioned in subsection 3, section 63.001, Civil Practice and Remedies Code, the judgment whether based upon a liquidated demand or an unliquidated demand, shall be deemed final and subsisting for the purpose of garnishment from and after the date it is signed, unless a supersedeas bond shall have been approved and filed in accordance with Texas Rule of Appellate Procedure 47.

**APPENDIX ITEM NO. 25**

CHAPTER 42. PERSONAL PROPERTY


Sec. 42.001. PERSONAL PROPERTY EXEMPTION. (a) Personal property, as described in Section 42.002, is exempt from garnishment, attachment, execution, or other seizure if:

(1) the property is provided for a family and has an aggregate fair market value of not more than $60,000, exclusive of the amount of any liens, security interests, or other charges encumbering the property; or

(2) the property is owned by a single adult, who is not a member of a family, and has an aggregate fair market value of not more than $30,000, exclusive of the amount of any liens, security interests, or other charges encumbering the property.

(b) The following personal property is exempt from seizure and is not included in the aggregate limitations prescribed by Subsection (a):

(1) current wages for personal services, except for the enforcement of court-ordered child support payments;

(2) professionally prescribed health aids of a debtor or a dependent of a debtor;

(3) alimony, support, or separate maintenance received or to be received by the debtor for the support of the debtor or a dependent of the debtor; and

(4) a religious bible or other book containing sacred writings of a religion that is seized by a creditor other than a lessor of real property who is exercising the lessor's contractual or statutory right to seize personal property after a tenant breaches a lease agreement for or abandons the real property.

(c) Except as provided by Subsection (b)(4), this section does not prevent seizure by a secured creditor with a contractual landlord's lien or other security in the property to be seized.

(d)  Unpaid commissions for personal services not to exceed 25 percent of the aggregate limitations prescribed by Subsection (a) are exempt from seizure and are included in the aggregate.

(e)  A religious bible or other book described by Subsection (b)(4) that is seized by a lessor of real property in the exercise of the lessor's contractual or statutory right to seize personal property after a tenant breaches a lease agreement for the real property or abandons the real property may not be included in the aggregate limitations prescribed by Subsection (a).

Acts 1983, 68th Leg., p. 3522, ch. 576, Sec. 1, eff. Jan. 1, 1984.  Amended by Acts 1991, 72nd Leg., ch. 175, Sec. 1, eff. May 24, 1991;  Acts 1997, 75th Leg., ch. 1046, Sec. 1, eff. Sept. 1, 1997.

Amended by:

Acts 2007, 80th Leg., R.S., Ch. 444 (H.B. 167), Sec. 1, eff. September 1, 2007.

**APPENDIX ITEM NO. 26**

CHAPTER 42. PERSONAL PROPERTY


Sec. 42.002. PERSONAL PROPERTY. (a) The following personal property is exempt under Section 42.001(a):

(1) home furnishings, including family heirlooms;

(2) provisions for consumption;

(3) farming or ranching vehicles and implements;

(4) tools, equipment, books, and apparatus, including boats and motor vehicles used in a trade or profession;

(5) wearing apparel;

(6) jewelry not to exceed 25 percent of the aggregate limitations prescribed by Section 42.001(a);

(7) two firearms;

(8) athletic and sporting equipment, including bicycles;

(9) a two-wheeled, three-wheeled, or four-wheeled motor vehicle for each member of a family or single adult who holds a driver's license or who does not hold a driver's license but who relies on another person to operate the vehicle for the benefit of the nonlicensed person;

(10) the following animals and forage on hand for their consumption:

(A) two horses, mules, or donkeys and a saddle, blanket, and bridle for each;

(B) 12 head of cattle;

(C) 60 head of other types of livestock; and

(D) 120 fowl; and

(11)  household pets.

(b)  Personal property, unless precluded from being encumbered by other law, may be encumbered by a security interest under Subchapter B, Chapter 9, Business & Commerce Code, or Subchapter F, Chapter 501, Transportation Code, or by a lien fixed by other law, and the security interest or lien may not be avoided on the ground that the property is exempt under this chapter.

Acts 1983, 68th Leg., p. 3522, ch. 576, Sec. 1, eff. Jan. 1, 1984.  Amended by Acts 1991, 72nd Leg., ch. 175, Sec. 1, eff. May 24, 1991;  Acts 1993, 73rd Leg., ch. 216, Sec. 1, eff. May, 17, 1993;  Acts 1997, 75th Leg., ch. 165, Sec. 30.245, eff. Sept. 1, 1997;  Acts 1999, 76th Leg., ch. 414, Sec. 2.36, eff. July 1, 2001;  Acts 1999, 76th Leg., ch. 846, Sec. 1, eff. Aug. 30, 1999.

**APPENDIX ITEM NO. 27**

CHAPTER 42. PERSONAL PROPERTY


Sec. 42.0021. ADDITIONAL EXEMPTION FOR CERTAIN SAVINGS PLANS. (a) In addition to the exemption prescribed by Section 42.001, a person's right to the assets held in or to receive payments, whether vested or not, under any stock bonus, pension, annuity, deferred compensation, profit-sharing, or similar plan, including a retirement plan for self-employed individuals, or a simplified employee pension plan, an individual retirement account or individual retirement annuity, including an inherited individual retirement account, individual retirement annuity,Roth IRA, or inherited Roth IRA, or a health savings account, and under any annuity or similar contract purchased with assets distributed from that type of plan or account, is exempt from attachment, execution, and seizure for the satisfaction of debts to the extent the plan, contract, annuity, or account is exempt from federal income tax, or to the extent federal income tax on the person's interest is deferred until actual payment of benefits to the person under Section 223, 401(a), 403(a), 403(b), 408(a), 408A, 457(b), or 501(a), Internal Revenue Code of 1986, including a government plan or church plan described by Section 414(d) or (e), Internal Revenue Code of 1986. For purposes of this subsection, the interest of a person in a plan, annuity, account, or contract acquired by reason of the death of another person, whether as an owner, participant, beneficiary, survivor, coannuitant, heir, or legatee, is exempt to the same extent that the interest of the person from whom the plan, annuity, account, or contract was acquired was exempt on the date of the person's death. If this subsection is held invalid or preempted by federal law in whole or in part or in certain circumstances, the subsection remains in effect in all other respects to the maximum extent permitted by law.

(b) Contributions to an individual retirement account that exceed the amounts permitted under the applicable provisions of the Internal Revenue Code of 1986 and any accrued earnings on such contributions are not exempt under this section unless otherwise exempt by law. Amounts qualifying as nontaxable rollover contributions under Section 402(a)(5), 403(a)(4), 403(b)(8), or 408(d)(3) of the Internal Revenue Code of 1986 before January 1, 1993, are treated as exempt amounts under Subsection (a).

Amounts treated as qualified rollover contributions under Section 408A, Internal Revenue Code of 1986, are treated as exempt amounts under Subsection (a).  In addition, amounts qualifying as nontaxable rollover contributions under Section 402(c), 402(e)(6), 402(f), 403(a)(4), 403(a)(5), 403(b)(8), 403(b)(10), 408(d)(3), or 408A of the Internal Revenue Code of 1986 on or after January 1, 1993, are treated as exempt amounts under Subsection (a).  Amounts qualifying as nontaxable rollover contributions under Section 223(f)(5) of the Internal Revenue Code of 1986 on or after January 1, 2004, are treated as exempt amounts under Subsection (a).

(c)  Amounts distributed from a plan, annuity, account, or contract entitled to an exemption under Subsection (a) are not subject to seizure for a creditor's claim for 60 days after the date of distribution if the amounts qualify as a nontaxable rollover contribution under Subsection (b).

(d)  A participant or beneficiary of a plan, annuity, account, or contract entitled to an exemption under Subsection (a), other than an individual retirement account or individual retirement annuity, is not prohibited from granting a valid and enforceable security interest in the participant's or beneficiary's right to the assets held in or to receive payments under the exempt plan, annuity, account, or contract to secure a loan to the participant or beneficiary from the exempt plan, annuity, account, or contract, and the right to the assets held in or to receive payments from the plan, annuity, account, or contract is subject to attachment, execution, and seizure for the satisfaction of the security interest or lien granted by the participant or beneficiary to secure the loan.

(e)  If Subsection (a) is declared invalid or preempted by federal law, in whole or in part or in certain circumstances, as applied to a person who has not brought a proceeding under Title 11, United States Code, the subsection remains in effect, to the maximum extent permitted by law, as to any person who has filed that type of proceeding.

(f)  A reference in this section to a specific provision of the Internal Revenue Code of 1986 includes a subsequent amendment of the substance of that provision.

Added by Acts 1987, 70th Leg., ch. 376, Sec. 1, eff. Sept. 1, 1987.  Amended by Acts 1989, 71st Leg., ch. 1122, Sec. 1, eff. Sept. 1, 1989;  Acts 1995, 74th Leg., ch. 963, Sec. 1, eff. Aug. 28, 1995;  Acts 1999, 76th Leg., ch. 106, Sec. 1, eff. Sept. 1, 1999.

Amended by:

Acts 2005, 79th Leg., Ch. 130 (H.B. 330), Sec. 1, eff. May 24, 2005.

Acts 2005, 79th Leg., Ch. 130 (H.B. 330), Sec. 2, eff. May 24, 2005.

Acts 2011, 82nd Leg., R.S., Ch. 933 (S.B. 1810), Sec. 1, eff. June 17, 2011.

Acts 2013, 83rd Leg., R.S., Ch. 91 (S.B. 649), Sec. 2, eff. September 1, 2013.

**APPENDIX ITEM NO. 28**

CHAPTER 42. PERSONAL PROPERTY

Sec. 42.003. DESIGNATION OF EXEMPT PROPERTY. (a) If the number or amount of a type of personal property owned by a debtor exceeds the exemption allowed by Section 42.002 and the debtor can be found in the county where the property is located, the officer making a levy on the property shall ask the debtor to designate the personal property to be levied on. If the debtor cannot be found in the county or the debtor fails to make a designation within a reasonable time after the officer's request, the officer shall make the designation.

(b) If the aggregate value of a debtor's personal property exceeds the amount exempt from seizure under Section 42.001(a), the debtor may designate the portion of the property to be levied on. If, after a court's request, the debtor fails to make a designation within a reasonable time or if for any reason a creditor contests that the property is exempt, the court shall make the designation.

Acts 1983, 68th Leg., p. 3524, ch. 576, Sec. 1, eff. Jan. 1, 1984. Amended by Acts 1991, 72nd Leg., ch. 175, Sec. 1, eff. May 24, 1991.

**APPENDIX ITEM NO. 29**

CHAPTER 44. TAXATION OF RETIREMENT BENEFITS BY ANOTHER STATE


        Sec. 44.002.  PROPERTY EXEMPT.  All property in this state is exempt from attachment, execution, and seizure for the satisfaction of a judgment or claim in favor of another state or political subdivision of another state for failure to pay that state's or that political subdivision's income tax on benefits received from a pension or other retirement plan.


Added by Acts 1993, 73rd Leg., ch. 95, Sec. 1, eff. May 7, 1993.

**APPENDIX ITEM NO. 30**

CHAPTER 63. GARNISHMENT

Sec. 63.001. GROUNDS. A writ of garnishment is available
if:
(1) an original attachment has been issued;
(2) a plaintiff sues for a debt and makes an affidavit
stating that:
(A) the debt is just, due, and unpaid;
(B) within the plaintiff's knowledge, the defendant
does not possess property in Texas subject to execution
sufficient to
satisfy the debt; and
(C) the garnishment is not sought to injure the
defendant or the garnishee; or
(3) a plaintiff has a valid, subsisting judgment and makes
an affidavit stating that, within the plaintiff's
knowledge, the
defendant does not possess property in Texas subject to
execution
sufficient to satisfy the judgment.
Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.

**APPENDIX ITEM NO. 31**

**FRANK KEATHLEY AND MELISSA KEATHLEY, APPELLANTS**
**v.**
**CORBITT BAKER, APPELLEE**

**NO. 12-11-00151-CV**

**COURT OF APPEALS TWELFTH COURT OF APPEALS DISTRICT TYLER, TEXAS**

**Opinion delivered: April 3, 2013**

*APPEAL FROM THE*
*COUNTY COURT AT LAW #3*
*SMITH COUNTY, TEXAS*

*MEMORANDUM OPINION*

Frank and Melissa Keathley appeal from an adverse judgment rendered on the jury's verdict in favor of Corbitt Baker in the Keathleys' suit arising from a real estate contract. In six issues, the Keathleys contend the trial court erroneously vacated a prior judgment, awarded attorney's fees to Baker, failed to award attorney's fees to the Keathleys, submitted certain jury questions, and directed a verdict against them on their fraud claims. We suggest a partial remittitur of attorney's fees and otherwise affirm the trial court's judgment.

**BACKGROUND**

In 2003, Baker's mother, Ruth, entered into a residential real estate listing agreement with Carroll and Molly Bobo, doing business as United Country Bobo Realty, to sell her home. After her death in early 2004, Baker agreed to sell the home to the Keathleys and entered into a residential real estate contract with them. The title policy commitment revealed that title to the home was held by The Bobby H. Baker and Ruth E. Baker Revocable Living Trust. The title company would not issue a title policy on the house unless Baker's father and brother signed the deed conveying the house to the Keathleys. Baker's father and brother refused to sign. The Keathleys, unaware that Baker was having trouble obtaining clear title, sold their home, secured

Page 2

financing, and notified Baker that they were ready to close by the June 1, 2004 deadline stated in the sales contract. The closing did not occur, and the Keathleys purchased a different home in September 2004. On January 5, 2005, the Keathleys sent Baker notice of their Deceptive Trade Practices Act (DTPA) claim against him, alleging $45,000.00 in

**APPENDIX ITEM NO. 32**

damages resulting from the fact that the sale did not close. They requested settlement of the dispute but alluded to their option of filing a lawsuit.

Baker filed a declaratory judgment action to establish his title to the property and, on September 16, 2005, he obtained a judgment establishing that he had clear title. On January 31, 2006, Baker informed the Keathleys that he had cured the objections in the title commitment and was prepared to close on the contract for the sale of the home in seven days.

On February 3, 2006, the Keathleys filed suit against Baker and the Bobos, alleging violations of the DTPA, breach of contract, common law fraud, statutory fraud, and negligent misrepresentation. Baker filed a counterclaim against the Keathleys, alleging breach of contract for failing or refusing to close in accordance with the contract once he had cured the title objections. Baker and the Bobos filed motions for summary judgment, which were granted. On September 20, 2007, the trial court rendered a take nothing judgment against the Keathleys, and awarded Baker and the Bobos their attorney's fees.[1] The Keathleys appealed that judgment. On appeal, we affirmed the judgment that the Keathleys take nothing against Baker and the Bobos on their DTPA and negligent misrepresentation causes of action. We reversed the trial court's judgment regarding the Keathleys' breach of contract, common law fraud, and statutory fraud causes of action against Baker and the Bobos, and its award of attorney's fees, and remanded the case to the trial court for further proceedings. *Keathley v. Baker*, No. 12-07-477-CV, 2009 Tex. App. LEXIS 4957 (Tex. App.-Tyler June 30, 2009, no pet.).

On remand, the Keathleys elected not to pursue their common law fraud claim, and the trial court directed a verdict in favor of Baker and the Bobos on the Keathleys' statutory fraud claim. The breach of contract claim was submitted to the jury. Based on the jury's verdict, on March 8, 2011, the trial court rendered a take nothing judgment in favor of Baker and the Bobos and awarded attorney's fees to Baker. On April 12, 2011, the trial court signed a second final

Page 3

judgment, purportedly incorporating the jury verdict, but rendering judgment for the Keathleys and awarding them attorney's fees. On April 18, 2011, the court signed an order vacating the final judgment erroneously entered on April 12, 2011. The April 18 order provides that the March 8, 2011 judgment correctly reflects the judgment of the court based upon the jury's verdict. The trial court later severed the Keathleys' case against the Bobos from their case against Baker. This appeal involves only the claims against Baker.

## FINAL JUDGMENT

In their first and second issues, the Keathleys assert that the trial court erred in signing the April 18, 2011 order vacating the April 12 judgment. They contend the April 12 judgment was proper because they were the prevailing parties "under the pleadings,

the nature of the case, the evidence and the verdict pursuant to Rule 301." The Keathleys argue that they are the prevailing parties because the jury found that Baker breached the contract and they were entitled, as a matter of law, to judgment for the $2,000.00 in earnest money they had deposited with Landmark Title as damages for the breach. They further argue that the April 18 order cannot reinstate the March 8 judgment because the March 8 judgment had been vacated under Texas Rule of Civil Procedure 329b. The Keathleys concede that the trial court signed each of the documents while it had plenary power over the case. They assert that the April 18 judgment is the final judgment to be addressed in this appeal. However, they contend, that judgment should be reversed and judgment should be rendered reflecting the terms of the April 12 judgment.

## Prevailing Party

The Keathleys begin by arguing that the April 12 judgment in their favor should stand because they were the prevailing parties. We disagree. A plaintiff must receive some relief on the merits on his claim before he can be said to prevail. ***Intercontinental Group P'ship v. KB Home Lone Star L.P.***, 295 S.W.3d 650, 654 (Tex. 2009). Whatever relief the plaintiff secures must directly benefit him at the time of the judgment. ***Id.*** A plaintiff "prevails" when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff. ***Id.*** The jury determined that Baker failed to comply with the contract. It also determined, however, that, pursuant to the terms of the contract, the contract terminated because the property did not satisfy the lender's underwriting requirements for the loan and objections to defects to title were not

Page 4

cured within fifteen days after Baker received the objections. Accordingly, the jury was instructed that, based on those findings, they were not to address the question of compensation to the Keathleys for damages. Even if the jury's finding is equivalent to a finding of breach, a stand-alone finding on breach confers no benefit whatsoever. ***Id.*** at 655. The Keathleys recovered no damages, and secured no declaratory or injunctive relief. They received nothing of value of any kind. *See **id.***

We are also not persuaded by the Keathleys' earnest money argument. Earnest money is a deposit made by the buyer with an escrow agent to bind a sale of real property. *See **Cowman v. Allen Monuments, Inc.**, 500 S.W.2d 223*, 225 (Tex. Civ. App.-Texarkana 1973, no writ). If the buyer breaches the contract, the seller may retain this earnest money as liquidated damages. ***Id.*** Here, the contract provided that, if objections to title defects are not cured within the fifteen day period, the contract would terminate and the Keathleys' earnest money would be refunded. There is no question that the Keathleys were entitled to a refund of their earnest money based on the terms of the contract. However, there is no showing that the Keathleys asked for the return of their earnest money or that Baker unlawfully withheld it. Presumably, had the Keathleys asked Landmark Title to return their earnest money, the title company would have done so. Moreover, the contract provides that, if the seller defaults, the buyer may "(a) enforce

specific performance, seek such other relief as may be provided by law, or both, or (b) terminate this contract and receive the earnest money, thereby releasing both parties from this contract." Frank Keathley testified that, by filing this lawsuit, he is seeking other remedies. As the contract gave him the option of seeking the return of his earnest money or seeking other remedies, the Keathleys' failure to obtain the return of their earnest money was their choice under the terms of the contract. The earnest money does not constitute breach of contract damages. Accordingly, the Keathleys are not the prevailing parties and the April 12 judgment is not an accurate reflection of the evidence and the verdict. *See **Intercontinental Group P'ship***, 295 S.W.3d at 655.

## **Validity of April 18 Order**

The Keathleys' argument that the March 8 judgment cannot be reinstated because it was vacated is essentially a complaint about the form of the April 18 order. While it has plenary power, the trial court can vacate, modify, correct, or reform its judgment. *See* TEX. R. CIV. P.

Page 5

329b(d), (e). The April 18 order is entitled "Order Vacating Final Judgment Erroneously Entered April 12, 2011." The body of the order states in its entirety:

On this _____ day of 4-13, 2011 came to be considered by the Court the mistaken signing and entry of a second "Final Judgment" in this case on or about April 12, 2011. The Court had previously entered a Final Judgment in this case on March 8, 2011.
On the 12th day of April, 2011, the Court erroneously entered a second "Final Judgment" that substantially differed from the one entered on March 8, 2011.
The Court finds that it is in the interest of justice that the Final Judgment entered April 12, 2011 be and is hereby VACATED in its entirety.
The Final Judgment entered by this Court on March 8, 2011 (attached hereto as Exhibit "A") correctly reflects the judgment of this Court based upon the verdict of the jury received and accepted by the Court at the conclusion of the trial.

Generally speaking, if a judgment is set aside, the cause stands as if there has been no final judgment. *McCauley v. Consol. Underwriters*, 304 S.W.2d 265, 265 (Tex. 1957) (per curiam). When a judgment has been set aside, neither that judgment nor any other former judgment in the case ever again becomes the judgment of the court unless the trial court expressly reinstates it and, in effect, renders a new judgment on the later date. *P.V. Internat'l Corp. v. Turner, Mason, and Solomon*, 700 S.W.2d 21, 22 (Tex. App.-Dallas 1985, writ denied). Here, the April 18 order states that the March 8 judgment "correctly reflects the judgment of this Court." We conclude that the language used in the April 18 order, together with the court's act of physically attaching the March 8 judgment to the order and referencing the attachment, has the same effect as use of the word "reinstate" in the new order. *See **Curry v. Bank of Am., N.A.**, 232 S.W.3d 345*, 351 (Tex. App.-Dallas 2007, pet. denied) (where trial court's order did not explicitly reinstate prior order, appellate court interpreted language in order to conclude trial court had done so); ***Consol.***

***Underwriters v. McCauley***, [320 S.W.2d 60](#), 63-64 (Tex. Civ. App.-Beaumont 1959, writ ref'd n.r.e.) (holding trial court's September 27, 1957 order vacating a July 3, 1956 order revived the December 5, 1955 judgment when trial court ordered "that final judgment entered in this cause on December 5, 1955, be, and the same is hereby in all things held to be valid, subsisting and unsatisfied"). We conclude that the April 18 order reinstated the March 8 judgment. We overrule the Keathleys' first and second issues.

Page 6

## ATTORNEY'S FEES

In their third and fourth issues, the Keathleys complain of the attorney's fee awarded to Baker and the failure to award attorney's fees to them. They assert that there was no legal or factual basis for an award of attorney's fees to Baker. Specifically, they argue that there is no basis for awarding attorney's fees to Baker on the noncontract issues because the Texas Civil Practice and Remedies Code does not allow a party to recover attorney's fees for defending against a contract claim. Further, they argue that the jury's answer was not supported by the evidence and was against the great weight and preponderance of the evidence with respect to the contract claims. Additionally, they assert that the jury found that Baker breached the contract and therefore he cannot be the prevailing party. Finally, they assert that the trial court erred in failing to grant judgment in their favor for attorney's fees because they were the prevailing parties and the jury's answer to Question 5, finding that the Keathleys were not entitled to any award for attorney's fees, was against the great weight and preponderance of the evidence.

### Standard of Review

When a party is attacking the legal sufficiency of the evidence supporting a finding on an issue for which he did not have the burden of proof, he must show that no evidence supports the finding. ***Exxon Corp. v. Emerald Oil & Gas Co.***, [348 S.W.3d 194](#), 215 (Tex. 2011). Evidence is legally sufficient if it would enable reasonable and fair-minded people to reach the verdict under review. ***Id.*** We credit favorable evidence if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not. ***Id.***

If a party is attacking the factual sufficiency of the evidence to support an adverse finding on an issue on which the other party had the burden of proof, the attacking party must demonstrate that there is insufficient evidence to support the adverse finding. ***Capps v. Nexion Health at Southwood, Inc.***, [349 S.W.3d 849](#), 855 (Tex. App.-Tyler 2011, no pet). The verdict should be set aside only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. ***Cain v. Bain***, [709 S.W.2d 175](#), 176 (Tex. 1986) (per curiam). The reviewing court may not substitute its opinion for that of the jury, as it is the jury's role to judge the credibility of witnesses, to assign the weight afforded their testimony, and to resolve inconsistencies within or conflicts among the witnesses' testimony. ***Golden Eagle Archery, Inc. v. Jackson***, [116 S.W.3d 757](#), 761 (Tex. 2003); ***Ford v. Panhandle & Santa Fe Ry. Co.***, [252 S.W.2d 561](#), 563 (Tex. 1952).

**Applicable Law**

Texas law allows recovery of attorney's fees if authorized by statute or contract. ***Tony Gullo Motors I, L.P. v. Chapa***, 212 S.W.3d 299, 311 (Tex. 2006). The legislature has provided that a party who prevails on a breach of contract claim may recover his reasonable attorney's fees. TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8) (West 2008). The reasonableness of an attorney's fee award is a question of fact and must be supported by competent evidence. ***In re M.A.N.M.***, 231 S.W.3d 562, 567 (Tex. App.-Dallas 2007, no pet.). There should be evidence of time spent by the attorney on the case, the nature of the preparation, the complexity of the case, the experience of the attorney, and the prevailing hourly rates. ***Id.*** The court may also consider the entire record and the common knowledge of the lawyers and judges. ***Id.***

**Discussion**

Baker agrees that Section 38.001 of the Texas Civil Practice and Remedies Code does not apply here as authority for his attorney's fee award. He relies on the terms of the contract, and we agree that the contract controls. The contract states that "[t]he prevailing party in any legal proceeding related to this contract is entitled to recover reasonable attorney's fees and all costs of such proceeding incurred by the prevailing party." As explained above, Baker was the prevailing party. Accordingly, the jury's finding in answer to Question 5 that the Keathleys were entitled to an award of zero for attorney's fees was correct because they were not the prevailing parties. *See **Intercontinental Group P'ship***, 295 S.W.3d at 662. We overrule the Keathleys' fourth issue.

Accordingly, Baker, as the prevailing party, is entitled to recover his reasonable attorney's fees incurred "in any legal proceeding related to [the] contract." All of the Keathleys' claims against Baker related to the contract. Therefore, he is entitled to proven reasonable attorney's fees. *See **Robbins v. Capozzi**, 100 S.W.3d 18*, 27 (Tex. App.-Tyler 2002, no pet.).

Baker's counsel testified that he is familiar with the reasonable and necessary charges for legal services in Smith County. He testified as to his experience, the nature of his work on the case, the time he spent working on the case, and his hourly rates. He testified that the total amount of legal fees incurred for representing Baker up through the trial of this matter is $65,344.00. Additionally, he specified that, out of that total, $23,240.00 is attributable to work on the DTPA claims, $38,073.00 for work on the negligent misrepresentation claim, $17,204.00 for work on the fraud claims, and $21,027.00 for work on the breach of contract claim. He also testified that out of pocket expenses were $2,209.00. He further testified that a fair fee for an

appeal to the intermediate court of appeals is $7,000.00 and the cost for an appeal to the supreme court would be $10,000.00. The jury awarded Baker $70,000.00 in attorney's fees for "preparation and trial," $10,000.00 for an appeal to this court, and $15,000.00 for an appeal to the Texas Supreme Court.

Although the sum of the specific amounts identified for each claim far exceeds the "total" testified to by counsel, it was the jury's duty to resolve that conflict within his testimony. *Ford*, 252 S.W.2d at 563. There is sufficient evidence to support the award of $70,000.00 in attorney's fees for "preparation and trial." *See In re M.A.N.M.*, 231 S.W.3d at 567. However, the amounts awarded for appeals exceed the amounts testified to as necessary for the appeals. Thus, the evidence is not factually sufficient to support the awards for appeals to this court or the Texas Supreme Court. We sustain the Keathleys' third issue in part and overrule it in part.

## THE JURY CHARGE

In their fifth issue, the Keathleys attack the jury charge as follows:

The trial court erred by submitting Jury Question No. 4 conditioned on a "Yes" answer to Jury Question No. 1 and a "No" answer to Jury Question No. 2 and Jury Question No. 3 because the conditional submission informed the jury of the effect of its answers, because Jury Questions No. 2 and No. 3 were comments on the weight of the evidence and were questions of law not of fact and because there was sufficient evidence to raise a question of fact for the jury and because Frank Keathley and Melissa Keathley were entitled to the return of their escrow deposit under the Contract, as a matter of law.

The Keathleys have not properly briefed this issue. An appellate brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record. TEX. R. APP. P. 38.1(i). Rule 38 requires a party to provide such a discussion of the facts and the authorities relied upon as may be requisite to maintain the point at issue. *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.-Houston [1st Dist.] 2002, pet. denied). "This is not done by merely uttering brief conclusory statements, unsupported by legal citations." *Id.* The Keathleys refer generally to Pattern Jury Charge 101.21 as the only authority in support of the five arguments they allude to in the two paragraphs in which they present this issue. This is insufficient to comply with Rule 38.1(i). The Keathleys have waived any error, and we overrule issue five.

Page 9

## DIRECTED VERDICT

In their sixth issue, the Keathleys contend the trial court erred in directing a verdict against them on their fraud claims because there was evidence raising an issue of fact and the claims should have been submitted to the jury.[2] They assert that Baker gave them only limited information regarding the extent of the problems with the property's title and that

they presented evidence that Baker committed fraud by nondisclosure. Therefore, they argue, "there were issues of fact relating to the nature of the disclosures by Baker and whether he failed to correct or add to those disclosures to let Keathley know the seriousness of the title problems and his family dispute that resulted in Baker's breach of the Contract."

## Standard of Review

A directed verdict is warranted when the evidence is such that no other verdict can be rendered and the moving party is entitled, as a matter of law, to judgment. *White v. White*, 172 S.W.2d 295, 296 (Tex. 1943). A defendant establishes a right to a directed verdict when a plaintiff fails to present evidence raising a fact issue essential to the plaintiff's right of recovery or when the plaintiff admits, or the evidence conclusively establishes, a defense to the plaintiff's cause of action. *Prudential Ins. Co. v. Fin. Review Servs., Inc.*, 29 S.W.3d 74, 77 (Tex. 2000).

In reviewing a trial court's directed verdict, an appellate court follows the standards for assessing the legal sufficiency of the evidence. *City of Keller v. Wilson*, 168 S.W.3d 802, 823-827 (Tex. 2005). We examine the evidence in the light most favorable to the person suffering an adverse judgment and decide whether there is any evidence of probative value to raise an issue of material fact on the question presented. *Exxon Corp.*, 348 S.W.3d at 217. We credit favorable evidence if a reasonable factfinder could and disregard evidence contrary to the finding unless a reasonable factfinder could not. *City of Keller*, 168 S.W.3d at 807.

## Applicable Law

Statutory fraud in a transaction involving real estate consists of a (1) false representation of a past or existing material fact, when the false representation is made to a person for the purpose of inducing that person to enter into a contract and relied on by that person in entering into that contract; or (2) a false promise to do an act, when the false promise is material, made

Page 10

with the intention of not fulfilling it, made to a person for the purpose of inducing that person to enter into a contract, and relied on by that person in entering into that contract. TEX. BUS. & COM. CODE ANN. § 27.01(a) (West 2009). Silence is equivalent to a false representation where circumstances impose a duty to speak and one nevertheless deliberately remains silent. *Lesikar v. Rappeport*, 33 S.W.3d 282, 299 (Tex. App.-Texarkana 2000, pet. denied). In other words, for there to be fraud by nondisclosure, there must be a duty to disclose. *Id.* A duty to disclose may arise in four situations: (1) where there is a special or fiduciary relationship; (2) where one voluntarily discloses partial information, but fails to disclose the whole truth; (3) where one makes a representation and fails to disclose new information that makes the earlier representation

misleading or untrue; or (4) where one makes a partial disclosure and conveys a false impression. ***Id.***

## Discussion

The Keathleys admit that they knew there was a probate issue with a family trust involved and that other Baker family members had retained legal counsel. They assert, however, that they did not know the nature of the dispute or that it would cause a problem with closing. They argue that the issue is whether Baker should have informed them of changes that presented more serious problems for closing than what had been indicated. In spite of a duty to disclose, they argue, Baker failed to disclose the title dispute or new information regarding the title dispute that made the earlier representations misleading or untrue. In making their argument, the Keathleys ignore some of the elements of statutory fraud.

The record shows that Ruth Baker owned the home, the Keathleys made their initial offer on the home after Ruth Baker died, and they were aware of her death. According to Frank Keathley, Baker told the Keathleys that he would inherit the property and acted as if he had the authority to sell the house. The Keathleys suggested leasing the house until Baker could obtain legal title. However, they did not pursue leasing because the Keathleys and Baker agreed that the Keathleys would be able to sell their home and Baker "would be through with whatever he needed to do to be ready to close by the closing date." Their offer included a provision stating that the transaction would close when the home sells and "subject property is out of probate." The offer also provided for monetary compensation to the Keathleys in the event "closing is extended to probate." On February 10, 2004, Baker responded as "seller," rejecting that offer, and the Keathleys presented a second offer that Baker agreed to as "seller." The agreed upon

Page 11

closing date was June 1, 2004. Thus, although Baker presented himself as one with authority to sell, he disclosed the fact that he would not have legal title until after conclusion of the appropriate legal proceedings. The Keathleys understood that process might extend beyond June 1, 2004.

The contract was signed in mid-February, and the receipt for the earnest money is dated February 18, 2004. The parties received the preliminary title commitment on February 27, which was when all parties learned of the trust. It was later verified that Baker was to receive the house at issue under the terms of the trust. Since Baker did not know about the trust at the time they entered into the contract, he could not have knowingly misrepresented the effect the trust would have on his ability to close on time. Accordingly, there is no evidence of a false representation regarding Baker's claim that he was to get the house after his mother died or that he would be able to close on June 1, 2004. And thus there is no evidence of a false representation prior to entering into the contract. Further, if Baker had said he would be able to close on June 1, 2004, that would

not be a representation of a past or existing material fact as required by Section 27.01(a)(1).

Likewise, there is no evidence that Baker did not intend to fulfill his promise to obtain title and close on June 1, 2004. Consequently, such a statement, if made, does not violate Section 27.01(a)(2)'s requirement of a false promise made with the intention of not fulfilling it. Therefore, there is no evidence that Baker fraudulently induced the Keathleys to agree to buy the property, and no evidence that the Keathleys relied on a false representation in entering into the contract.

Next, we address the Keathleys' assertion that Baker failed to disclose the title dispute or new information regarding the title dispute that made the earlier representation that closing would take place on June 1 misleading or untrue. For purposes of our discussion, we will assume without deciding that Baker had a duty to disclose new information relating to his ability to close on June 1, 2004. To the extent the law requires disclosure, it is fact, not speculation as to the future, that must be disclosed. *See Allen v. Devon Energy Holdings, L.L.C.*, 367 S.W.3d 355, 370-71 (Tex. App.-Houston [1st Dist.] 2012) (op on reh'g), *pet. granted, judgm't set aside, remanded by agr.,* 2013 Tex. LEXIS 20 (Jan. 11, 2013). Even if Baker told the Keathleys that, in his opinion, he could quickly clear up the title problems, his opinion cannot support an action for fraud. *See Transp. Ins. Co. v. Faircloth*, 898 S.W.2d 269, 276 (Tex. 1995). Finally, even if

Page 12

Baker came into possession of information after they entered the contract that should have been disclosed, that information cannot form the basis of a statutory fraud claim because it could not have been used for the purpose of inducing the Keathleys to enter into the contract. Tex. Bus. & Com. Code Ann. § 27.01; *see also Marcontell v. Jacoby*, 260 S.W.3d 686, 691 (Tex. App.-Dallas 2008, no pet.) (alleged misrepresentations occurring after contract is signed, but before closing, could not have induced contract).

The Keathleys failed to raise a fact issue on their claim for statutory fraud. Therefore, the trial court did not err in granting Baker's motion for directed verdict on that claim. *See Prudential Ins. Co.*, 29 S.W.3d at 77. We overrule the Keathleys' sixth issue.

## DISPOSITION

We ***affirm*** the trial court's judgment with respect to attorney's fees in the amount of $70,000.00 for preparation and trial. Because the evidence does not support the $25,000.00 award for appellate attorney's fees, we suggest a ***remittitur*** of $8,000.000. If within fifteen days after this court's opinion, Baker files in this court a remittitur of $8,000.00 of the appellate attorney's fees awarded in the trial court's judgment, then the trial court's judgment will be reformed and affirmed as to $17,000.00 in appellate attorney's fees. If the suggested remittitur is not timely filed, the part of the trial court's judgment awarding appellate attorney's fees will be reversed and the issue of attorney's

fees will be remanded to the trial court for a new trial. *See* TEX. R. APP. P. 46.3; ***Stukes v. Bachmeyer***, 249 S.W.3d 461, 470 (Tex. App.-Eastland 2007, no pet.).

In all other respects, we ***affirm*** the trial court's judgment.

**<u>BRIAN HOYLE</u>**
Justice

Opinion delivered April 3, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

Page 13

**NO. 12-11-00151-CV**

**FRANK KEATHLEY AND MELISSA KEATHLEY,** Appellants
V.
**CORBITT BAKER,** Appellee

Appeal from the County Court at Law #3
of Smith County, Texas. (Tr.Ct.No. 51,959-B)

THIS CAUSE came to be heard on the oral arguments, appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was error in the judgment of the trial court below.

It is therefore ORDERED, ADJUDGED, AND DECREED that the award of $25,000.00 in appellate attorney's fees to Corbitt Baker was excessive, and in order to obtain an affirmance of the appellate attorney's fee award, Appellee Corbitt Baker must file a **remittitur** in the amount of $8,000.00 within fifteen days of the date of this judgment; otherwise, the trial court's judgment as to appellate attorney's fees will be reversed and the issue of attorney's fees will be remanded for a new trial.

It is further ORDERED, ADJUDGED and DECREED that, in all other respects, the trial court's judgment is **affirmed**; all costs of this appeal are hereby assessed

Page 14

against the Appellants, **FRANK KEATHLEY AND MELISSA KEATHLEY**, for which execution may issue; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

--------

Notes:

[1.] Although the judgment does not specifically mention Baker's counterclaim for breach of contract, the judgment contains a Mother Hubbard clause denying all relief not expressly granted. Further, the judgment includes language that indicates finality by stating that "[t]his judgment finally disposes of all parties' claims and is appealable."

[2.] The Keathleys reference "their fraud claims" and assert that the trial court granted Baker's directed verdict on their common law and statutory fraud claims. However, the record shows that they elected not to pursue their common law fraud claim during the course of the trial. The trial court directed a verdict against the Keathleys on their statutory fraud claim only.


--------

**FRANK KEATHLEY AND MELISSA KEATHLEY, Appellants**
**v.**
**CORBITT BAKER, Appellee**

**NO. 12-11-00151-CV**

**COURT OF APPEALS TWELFTH COURT OF APPEALS DISTRICT OF TEXAS**

**APRIL 24, 2013**

**JUDGMENT**

Appeal from the County Court at Law #3
of Smith County, Texas. (Tr.Ct.No. 51,959-B)

THIS CAUSE came to be heard on the oral arguments, appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was error in the judgment of the trial court below insofar as the award of $25,000.00 in appellate attorney's fees to Corbitt Baker was excessive, and that in order to obtain an affirmance of the appellate attorney's fee award, Appellee Corbitt Baker must file a remittitur in the amount of $8,000.00; and it appearing that Appellee has timely filed such remittitur, it is the opinion of this court that the portion of the trial court's judgment awarding appellate attorney's fees, as reduced by $8,000.00, be **MODIFIED AND, AS MODIFIED, AFFIRMED.**

It is further ORDERED, ADJUDGED and DECREED that, in all other respects, the trial court's judgment is **affirmed;** all costs of this appeal are hereby assessed against the Appellants, **FRANK KEATHLEY AND MELISSA KEATHLEY,** for which execution may issue; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

**APPENDIX ITEM NO. 33**